## M. H. THOMAS V. R. A. CHAPMAN.

(Case No. 1612.)

| 62 | 193 |
| 74 | 121 |
| 62 | 193 |
| 82 | 322 |
| 82 | 433 |

1. ACTION — PRACTICE — PARTIES.— One action may be brought by an assignee of a failing debtor against the sheriff, for wrongfully levying three writs of attachment for different parties claiming in distinct rights, which were levied on different portions of the assigned property. The right of action accruing for the three seizures under attachment to the same person and against the same individual, the right may be ascertained and determined in one action.

2. PLEADING.— The evidence of a right claimed is never required to be set forth in pleading. Hence, one claiming property as an assignee may aver his ownership of the property, and need not set forth the manner of its acquisition, in order to admit evidence of the assignment.

3. ASSIGNMENT.— Where an assignment was made under the act of March 24, 1879, under which the assignee qualified, the consent of any creditor is immaterial in determining the right of the assignee to the property assigned.

4. PLEADING.— In a suit by an assignee of a failing debtor against a sheriff and his sureties, a demurrer was properly sustained to an averment in the answer that a part of the proceeds of the sale of goods charged to have been illegally seized and sold under attachment was deposited with the clerk of the court subject to plaintiff's order.

5. NEW TRIAL.— See facts stated in the opinion under which a new trial should have been awarded on account of an excessive verdict.

6. PARTIES.— A sheriff levied three writs of attachment on goods for as many different creditors, who acted each without any concert of action or agreement with the others. Each executed to the sheriff an indemnifying bond. The assignee having the goods in possession when seized under the three writs, sued the sheriff and his sureties. The sheriff caused the creditors who executed the indemnifying bonds to be made parties defendant to the suit, and prayed a recovery over against them for any damages that might be recovered against him and his sureties. *Held*, that the sheriff had as many distinct causes of action as there were indemnifying bonds, and they could not properly be made parties in the one action in the manner desired.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

*Finley & Pasco*, for appellants, on misjoinder of parties, cited: Illies v. Fitgerald, 11 Tex., 417; Green v. Banks, 24 Tex., 508–515; Clegg v. Varnell, 18 Tex., 301–4; Story's Pl., sec. 280; Holliman v. Carroll, 27 Tex., 27.

That the plaintiff, not having alleged an assignment, could not prove one, they cited: Watts v. Johnson, 4 Tex., 311, 317; Wells v. Fairbank, 5 Tex., 582–4; Lemmon v. Hanley, 28 Tex., 219–227.

*Woods, Wilkins & Cunningham*, for appellee, cited: Hugo v. Smeltzer, 3 Tex. L. Rev., 4; Cooley on Torts, 442–4; O'Brien v. Hilburn, 22 Tex., 616.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by Chapman against Thomas, a sheriff, and the sureties on his official bond, to recover damages for the seizure of a stock of goods which Chapman held as assignee of Wm. Fife.

The assignment was made under the act of March 24, 1879, and Chapman had qualified under his appointment, and was in possession of the goods when they were seized by a deputy of Thomas under three writs of attachment issued from the county court, at the suit of three firms, who brought suit against Fife, the assignor. Two of the attachments were levied on the same day, but on different parcels of goods, and the third was levied some days afterwards, on the same property levied upon under the two writs first levied.

It was urged in the court below and is urged here, that one action will not lie for the injury done by the three seizures.

The right of action for the three seizures accrued to the same person, and existed against the same persons, and we see no good reason why they may not all be united in one action. Such a course would seem not only proper but commendable. The authorities cited by appellants in favor of the proposition that such causes of action cannot be joined do not in any respect sustain the proposition, and the ruling of the court below in overruling the appellants' demurrer, and in refusing to give charges which embraced this proposition, was not error.

The third and fourth assignments relate to the insufficiency of the pleadings of the plaintiff to show that he held the goods which were seized under a valid assignment, and to the admission of proof that the assignment was made.

It is unnecessary to consider whether the plaintiff's pleadings, in connection with the answer of the appellants, stated such facts as would show a valid assignment; it was enough that he brought the suit in his own right and asserted property in the goods in himself. The deed through which the assignment was made passed the legal title to the goods to the assignee, and thereon he was entitled to recover upon proof of the assignment.

It has never been held that the pleader was bound to plead the evidence of his right; under the averment of ownership, if there had been nothing in the pleadings in relation to the assignment, proof of the assignment was admissible, and in no way varied from the allegations. Hugo & Scheltzer v. Bruno, Galveston Term, 1883. The assignee's bond was in substantial compliance with the statute, and, on its approval, he was clothed with full power under the statute to administer the trust estate, and the court correctly so ruled.

Whether the creditors named in the sixth assignment, or any other creditor of the assignor, had consented to take under the assignment was an immaterial question, for the title of the assignee in no way depended on the consent or non-consent of creditors to take under the assignment.

If the appellants were of the opinion that the petition did not sufficiently describe the goods seized, a special demurrer should have been presented raising that question; and the same is true in regard to the writs under which the seizures were made; no such questions were thus raised, and the court did not err, as the pleadings stand, in admitting testimony of what goods were seized by the plaintiff under the assignment; of what goods were seized by the sheriff under the writs, and of the writs of attachment.

After the seizure of the goods, they were sold under order of court, and the proceeds of sale, so far as necessary, were applied to pay the debts due to the three attaching creditors of Fife, after which there remained in the hands of the sheriff $526.75, which was deposited with the clerk.

This fact was pleaded, and it was alleged that the money so deposited was subject to the order of the assignee. A demurrer to this plea was presented and sustained; and correctly so, for it was no answer to any part of appellee's action to allege that after his goods had been converted they had been sold, and that a portion of the proceeds were in the hands of a third person, and might be obtained by the plaintiff. For the same reason the evidence of the witness Williams was properly rejected, even if the demurrer had not been sustained.

The charge complained of in the twelfth assignment was not intended, and could not have been understood by the jury, as relieving the plaintiff from the burden of proof on the whole case.

It simply informed the jury that they would not consider the value of goods seized under writs other than such as issued from the county court, and this, because the plaintiff had alleged seizures of goods under writs from that court, and thereby had made the particular seizures to some extent descriptive of the goods for the value of which he sued.

The assigned goods were inventoried by the assignor at $1,870.26, and after the assignee received them a portion of them were seized by other persons by distress warrant, and sold to pay a debt of about $100, and there seems to have been a balance remaining from the proceeds of the goods so sold after the debt was paid; how much does not appear, nor is it made to appear what the value of

the goods so seized and sold was. The assignee also sold some of the goods after he received them under the assignment, but their value is not shown.

There are various estimates of the value of the goods assigned, but the evidence is unsatisfactory as to the value of the goods seized under the three writs of attachment, and the evidence of the witnesses who testify in this regard places the value of the goods seized at about $1,300, while the jury placed the value at $1,870.26, on which they gave $173.28 interest. Under the evidence, we are of the opinion that the verdict is too high.

If the plaintiff desired to show the value of the goods seized by showing the value of all the goods assigned, and subtracting therefrom the value of the goods sold by himself and the value of the goods seized under a distress warrant and sold by another person, he should have brought proof of the value of such goods. Such proof must have been accessible to him.

A new trial was asked upon the ground that the verdict was excessive, and the ruling of the court in refusing it is assigned as error, and we are of the opinion, in view of all the evidence, that this assignment must be sustained, which will require a reversal of the judgment as to the sheriff, Thomas, and the sureties on his official bond.

Before the sheriff levied the three attachments he took indemnity bonds from each of the three firms in whose favor the writs issued; one of those bonds was for $700, another for the same sum, and the third for $420. It is not shown that the attaching creditors of Fife in any respect acted together or aided or advised one another in the several levies made.

Pending the suit the sheriff, Thomas, caused to be made parties to the suit the three firms that had respectively given to him indemnity bonds, and also their sureties, and sought judgment against them on their several bonds for such sum in gross as might be adjudged in favor of the plaintiff and against him and his sureties. He also sought to recover $50 as attorneys' fees in case judgment should be recovered against himself. The several firms filed a special demurrer to his pleadings through which they were made parties, setting up as ground of demurrer the improper joinder of the three causes of action. It does not appear that this demurrer was ever called to the attention of the court.

The court, in effect, instructed the jury, in the event they found a verdict in favor of the plaintiff against Thomas and his securities, then they would find a verdict in favor of Thomas against the three

firms who had made the indemnity bonds and their sureties for a like sum as that which they might find for the plaintiff, together with a reasonable attorney's fee.

Under this charge the jury found a verdict against the three firms and their sureties jointly, for the gross sum of $2,043.54, besides $50 for attorney's fee, and upon this verdict a judgment was rendered against the three firms and their several sureties jointly for the full amount given thereby.

From this judgment an appeal is prosecuted, and the charge of the court is assigned as error.

Under the evidence, the liability of each attaching creditor and the sureties of such creditor could not be extended beyond the sum named in the bond, and the damage resulting from the levy of the particular creditor's writ.

The liabilities of the several attaching creditors to the sheriff was created by the contracts severally executed, and evidenced by the indemnity bonds, and there was nothing to justify the rendition of a judgment against each of the attaching firms and their sureties for such damage as may have been caused by the seizures of the goods under all the writs.

The makers of each indemnity bond were liable for such damage as resulted from the seizure under the writ which through the indemnity bond such makers induced the sheriff to levy; but they are liable for no more than will indemnify the sheriff against loss which he may incur on account of the particular levy to which the indemnity bond applied.

The charge of the court was erroneous, and led to a judgment which cannot be sustained by the facts shown in the record.

The sheriff had several and distinct causes of action against each of the attaching firms and their sureties, based on the several indemnity bonds, and it was error to join either the parties or causes of action arising on the indemnity bonds in one action.

The errors indicated will require the reversal of the judgment in favor of Thomas against the makers of the several indemnity bonds. It is therefore ordered that the judgment of the court below in favor of Chapman against Thomas and his sureties, and also the judgment in favor of Thomas against the makers of the several indemnity bonds, be reversed, and that the cause be remanded.

REVERSED AND REMANDED.

[Opinion delivered October 14, 1884.]