We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.

## SOUTHERN CASUALTY CO. v. MORGAN.
### (No. 1112—5030.)

Commission of Appeals of Texas, Section A. Jan. 2, 1929.

Holland, Bartlett, Thornton & Chilton, of Dallas, for plaintiff in error.

Grindstaff, Zellers & Hutcheson, of Weatherford, for defendant in error.

NICKELS, J. We refer to the opinion of the honorable Court of Civil Appeals (299 S. W. 476) for a complete statement of the case. What is to be said here is by way of supplement of, rather than difference with, expression of the views of that court.

In City of Tyler v. Texas Employers' Ins. Ass'n, 288 S. W. 409, it was held by the Commission of Appeals, Section B, that while the words of the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), taken literally, are broad enough to purport authority for a municipal corporation to become a "subscriber"—i. e., a party—to the scheme of insurance therein provided, it was not so intended, for reasons given, and hence a city is not liable for unpaid premiums or for penalties for misrepresentations about its pay rolls. See 283 S. W. 929. A reason given for the construction of the statute was that the Legislature is without power (section 52, art. 3, Constitution) to authorize a municipal corporation of the kind involved to become, in effect, a "stockholder" in the Texas Employers' Insurance Association (substantially a "mutual" company), and thus to "lend its credit," etc., or to make the "appropriation of public money" (held to be a gratuity) necessary to affecting insurance.

In Georgia Casualty Co. v. Lackey (Tex. Civ. App.) 294 S. W. 277, the Court of Civil Appeals, Tenth District, attributed an absolutely null character to the insurance contract itself, made by an incorporated city under purported authority of the statute, so as to preclude recovery by an injured employee purportedly covered thereby. This was regarded as being a consequence of the decision in City of Tyler v. Texas Employers' Ins. Ass'n, supra, and of the decisions in various cases cited in which it was held that certain "illegal" contracts, etc., were unen-

forceable. In the present case the Court of Civil Appeals, Second District, in a closely analogous situation, held otherwise, and writ of error was allowed principally because of the conflict of decision thus produced.

It is observed, in passing, that Texas Employers' Insurance Association in its corporate nature and method of business belongs in a class distinctive from that which includes Georgia Casualty Company or Southern Casualty Company, so-called "old line" companies.

■ 1. Constitutional basis for the scheme of insurance and transferred liability provided in the Workmen's Compensation Law consists in agreement (a) of the employer, (b) the employee, and (c) the insurer. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195; Kampmann v. Cross (Tex. Civ. App.) 194 S. W. 437, writ denied; Rice v. Garrett (Tex. Civ. App.) 194 S. W. 667, writ denied; Farmers' Petr. Co. v. Shelton (Tex. Civ. App.) 202 S. W. 194, writ denied. This has partial, if not full, recognition in City of Tyler v. Texas Employers' Ins. Ass'n, supra.

The tripartite arrangement and consequent final relation between the insurer and employee are achieved in the statutory plan in this manner: (a) Without consultation of the employee, the employer and the insurer make agreement in consummation of which the employer pays a premium and the insurer issues a policy; (b) subsequently the insurance thus procured is offered to the employee upon condition that he accept its protection in lieu of common-law rights, etc., and he accepts with promise of that waiver. In points of consideration, this is observable: (1) As between the employer and the insurer, there moves from the one to the other a sum of money in return for which the insurer agrees to extend protection to the employee (as yet a stranger) if the employee later agrees to accept. (2) As between the insurer and the accepting employee, there is a promise for a promise (i. e., by the insurer to pay on contingencies and by the employee to forego claims against the employer).

■ 2. A proceeding for compensation, brought against an insurer in respect to a policy issued to a subscriber duly authorized by the statute, is at bottom and in essence a suit upon a contract; the right vindicated and the obligation enforced are consensual. In such a case, procedure is named in the statute and by adoption in the contract. We notice the form of pleading usually before the courts include the postulate that the rights sought to be enforced and the remedies claimed are purely statutory; but, on account of what has been said, the assumption is well based only when it includes recognition of voluntary agreement to put the statutory terms into effect.

The instant proceeding was begun and prosecuted to judgment in the trial court before decision in City of Tyler v. Texas Employers' Ins. Ass'n was announced and manifestly upon the assumption that the city of Weatherford was authorized by the statute to become a "subscriber." The form of pleading adopted is that usual in cases under the statute. Hence it includes some averments of fact (rather some averments of conclusions) in description of rights and remedies claimed which are surplusage and wholly inappropriate to a case not governed by the statute. Nevertheless, and for reasons already given, it includes in expression and implications allegations of fact and prayers for relief sufficient to support recovery upon an insurance contract made outside the statute but otherwise in the manner of its terms.

■■ 3. That the "employee" (Morgan) and the "insurer" (Southern Casualty Company) had liberty to contract so long at least as they did not agree about a prohibited matter is not questionable. And there was, of course, nothing in the law or in current notions of policy or morality to forbid the instant, or a comparable, agreement as between themselves.

For instant purposes, it is assumed that, in the agreement between the city and the insurer and in using public funds to bring about the agreement the city acted without authority or in excess thereof. In view of City of Tyler v. Texas Employers' Ins. Ass'n, it did so (a) because there was no statute in force delegating authority and (b) because the authority is denied in virtue of section 52 of article 3 of the Constitution. But, in doing so, it did not violate a statute or a constitutional provision denouncing the act as criminal or affirmatively declaring it to be void. There "is a distinction familiar in the law" between "prohibiting a certain form of transaction—making it unlawful, and declaring that it, with all securities issuing out of it shall be utterly void," sufficiently illustrated in Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320; and Logan v. Texas Bldg. & Loan Ass'n, 8 Tex. Civ. App. 490, 28 S. W. 141; Gilder v. Hearne, 79 Tex. 120, 14 S. W. 103; Thompson v. Samuels (Tex. Com. App.) 14 S. W. 143; State Bank of Chicago v. Holland, 103 Tex. 266, 126 S. W. 564; Fidelity & Deposit Co. v. Wiseman, 103 Tex. 286, 124 S. W. 621, 126 S. W. 1109; Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1015; Lockney State Bank v. Martin (Tex. Civ. App.) 191 S. W. 796. That agreement has long since been made and executed by payment of the premium by the city, etc., and by issuance of the policy by the insurer. If it be conceded that the acts of the city and of the insurer were unlawful in a sense worse than mere ultra vires, the fact remains that for all substantial purposes at least the illegal contract had been executed and the unlawful conduct had ended

and the insurer had received the benefits thereof before the employee was called upon (in the second stage of the proceedings as mentioned in "1" above) to exchange promises with the insurer—i. e., to agree to waive his rights otherwise in consideration of the promise of compensation held out by the insurer. See De Leon v. Trevino, 49 Tex. 91, 30 Am. Rep. 101; Pfeuffer v. Maltby, 54 Tex. 454, 38 Am. Rep. 631; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Wegner Bros. v. Biering, 65 Tex. 506, 511.

In that situation, and in view of the principles of such cases as Washer v. Smyer and others cited with it above, the obligation as between the insurer and employee is not to be regarded as utterly void; on the contrary, in our opinion, the taint of illegality does not so enter into the arrangement finally consummated as between the insurer and insured as to render it unenforceable by the latter (De Leon v. Trevino and other cases cited with it above), particularly in view of the apparent estoppel mentioned by the Court of Civil Appeals.

The cases cited by the honorable Court of Civil Appeals in Georgia Casualty Co. v. Lackey are, in our opinion, distinguishable on the principles respectively involved. Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053, involved attempt to enforce a contract resting directly in a consideration positively denounced as being "contrary to the genius of a free government" and "never allowable" (section 26, art. 1, of the Constitution); the "consideration" being in an executory condition. In Seeligson v. Lewis & Williams, 65 Tex. 215, 57 Am. Rep. 593, the action was between the immediate parties to an unlawful transaction, and the prohibited consideration touched every part of the contract sued upon; and that the decision there made was not intended to go beyond its facts and to involve a situation comparable to that here is shown by reference to it and by other discussion in Wegner Bros. v. Biering, 65 Tex. 506, 510, 511. The rulings in Noel v. City of San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 263, writ denied, in so far as deemed relevant, touch inability to enforce a forbidden contract directly against a city, as if, e. g., the insurer here sued to recover unpaid premiums.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.

CRITZ, J. ■ I concur in the result recommended in this case in the opinion of Judge NICKELS, and I agree, in the main, with the holding as expressed in his opinion. I also agree with the holding in City of Tyler v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 288 S. W. 409, that the Workmen's Compensation Law of Texas, by its express terms, does not apply to cities and towns, or other municipal corporations. However, I do not agree with that part of the opinion in City of Tyler v. Texas Employers' Ins. Ass'n which seems to hold that the Legislature of this state is without power to apply the provisions of the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) to cities and towns, provided their insurance is not carried in a mutual insurance concern, and does not involve the city or town as a member of or stockholder in such a concern. In other words, I see no constitutional bar to cities and towns being brought under the provisions of the Workmen's Compensation Act if its insurance is carried in what is known as an old line insurance company.

As pointed out by Judge NICKELS in the main opinion, the validity of the Workmen's Compensation Act of this state is sustained on the theory that there is a final tripartite agreement on relationship between the employer, the insurer, and the employee. Under this theory the employee accepts the employment under the arrangement made by the employer with the insurer. Therefore, in a certain sense, the policy of insurance becomes a part of the consideration for the employment. In a case, such as the one at bar, where the policy of insurance is carried in an old line insurance company, and does not involve the city becoming a member of or stockholder in a mutual insurance concern, I am unable to see any violation of section 52 of article 3 of our State Constitution.

Also, under this view, the transaction involved in the case at bar is not prohibited by the Constitution, and is therefore not absolutely void, but is merely ultra vires; and, insurance company having voluntarily accepted the premium from the city and also voluntarily agreed to carry the risk, and the employee having accepted the employment from the city under such an arrangement, the insurance company should not now be heard to plead, as a defense, the lack of authority on the part of the city to make the contract after the employee has been injured. In this connection I am further of the opinion that there is absolutely no provision of the Constitution which prohibits the Legislature from altering or changing the common-law liability of cities and towns in cases of this character.

In the City of Tyler Case, the policy of insurance was issued by Texas Employers' Insurance Association, a mutual insurance company, chartered under the laws of this state, and the taking out a policy in said association clearly involved the city as a member of or stockholder in said concern, a thing clearly prohibited by the article of our Constitution cited, and the holding to that effect ruled that case. The Supreme Court did not expressly adopt the holding in that case, and thus the

views here expressed are not in conflict with any holding of the Supreme Court.

HARVEY, P. J. While I concur in the above view, I also think that the ground upon which Judge NICKELS bases the decision of the case is sound. As I understand the situation, there is no disagreement among the members of the Commission as to soundness of either ground.