## SOUTHERN CASUALTY CO. v. MORGAN.
### (Motion No. 8379.)

Commission of Appeals of Texas, Section A.
April 24, 1929.

For original opinion, see 12 S.W.(2d) 200.

Holland, Bartlett, Thornton & Chilton, of Dallas, for plaintiff in error.

Grindstaff, Zellers & Hutcheson, of Weatherford, for defendant in error.

NICKELS, J. As noted in our original opinion, 12 S.W.(2d) 200, it is manifest that the cause was tried upon the theory that the city of Weatherford had become a "subscriber" under the Workmen's Compensation Law.

In the petition these facts are charged: (a) "On or about the 8th day of September, A. D. 1925," the city (Morgan's employer) "took out a policy" with the casualty company and paid the premium, which policy "was in full force and effect on the * *. * 8th day of December A. D. 1925, and at the time of the injury" to Morgan; (b) Morgan, "was covered by the said policy of insurance on the date of said injury"; (c) on and prior to "the 8th day of December, A. D. 1925," Morgan "was * * * under a verbal contract of hire to and with the * * * city of Weatherford"; (d) "while engaged in the course of his employment" and on December 8, 1925, Morgan sustained personal injuries (pleaded in detail) which caused total incapacity ˙for a while and subsequent permanent "partial incapacity"; (e) such "incapacity." is such as is "covered by the said policy of insurance"; (f) soon after infliction of the "injuries" Morgan gave notice thereof to his employer and to the casualty company and made claim; (g) thereupon Morgan was "paid compensation at the rate of $10.38 per week for 12 weeks but the defendant" (casualty company) "fails and refuses to pay any further compensation although duly requested so to do."

The prayer is for judgment for "compensation" (detailed), "less the 12 weeks compensation * * * paid," and for "general and special relief," etc.

Other averments (largely of conclusions) are made in the petition to the effect that the city (by "taking out the policy") became a "subscriber" and the relationship of the parties, etc., was controlled, etc., "under the Workmen's Compensation Law"; that the "notices" given and claims made, action of the Industrial Accident Board, and "appeal" to the court were done in the manner provided in that law and pursuant thereto.

In the casualty company's answer there are averments that it (casualty company) paid Morgan "19 weeks compensation * * * and tendered * * * two more weeks' compensation which would have brought compensation paid to him up to and including * * * the time when he was fully recovered from his alleged injury * * * this defendant has paid plaintiff all of the compensation due him under the law," etc.

Upon trial it .was stipulated, inter alia: "That on the 8th day of December, 1925, the city of Weatherford was a subscriber under the Workmen's Compensation Act of the State of Texas, and carried a policy of insurance with the Southern Casualty Company, defendant herein, insuring the employees of the city of Weatherford, as per the terms and conditions and stipulations of the Workmen's Compensation Act of the State of Texas, and all amendments thereto; that the said policy of insurance especially covered and insured. Paul Morgan as an employee of the city of Weatherford, at the time of the happening of his accident and injury on the 8th day of December, 1925, as per the terms, provisions and stipulations and conditions of the Workmen's Compensation Act and all amendments thereto."

General demurrer was pleaded, but it was not presented and given disposition. Hence, it was waived. Indiana & Ohio Live Stock Ins. Co. v. Smith (Tex. Civ. App.) 157 S. W. 755, and cases therein cited. The question (of insufficiency of the petition) is raised after verdict and judgment, and, so, at a time when all that is possible must be presumed in aid of the pleading (see Schuster v. Frend-

enthal, 74 Tex. 53, 11 S. W. 1051) and at a time when the answer may help the petition (see Pope v. K. C., M. & O. Ry. Co., 109 Tex. 311, 322, 207 S. W. 514).

■ That a policy issued by the casualty company and providing for compensation, in behalf of Morgan, for incapacity, etc., was outstanding at time of his injuries is averred in the petition and (by inference at least) in the answer. In effect it is alleged (in petition and in answer) that payments for a time were made by the casualty company to Morgan account of incapacity (consequent of injuries alleged)—mutually recognized as liabilities under the policy. Issuance of the policy for benefit of Morgan and acceptance of its benefits by him is thus plainly implied (if not declared) in the fact averments. Liability under the policy for additional payments and refusal to pay is averred by Morgan; additional liability is denied by the casualty company because of the "fact" (affirmatively and specifically averred by the casualty company) of Morgan's full recovery from the injuries alleged by him.

The pleading, we think, is sufficient for the judgment.

There is proof (in the stipulation mentioned) of the issuance and effectiveness of the policy to "cover and insure Morgan at the time of the happening of his accident on the 8th day of December, 1925." That proof includes evidence of Morgan's timely acceptance of the contract made for his benefit—else the policy would not have "covered and insured" him at time of injury.

And by its reference "as per the terms, provisions and stipulations and conditions of the Workmen's Compensation Act") the stipulation mentioned supplies proof of the kind of policy issued, and conditions and extent of liability thereunder.

It is not contended that proof in other respects is lacking, nor do we perceive basis for such a contention.

All questions raised in the motion for rehearing were considered by us originally. Upon reconsideration, we adhere to the views formerly expressed.

We recommend that the motion for rehearing be overruled.