### McCAFFREY v. AMERICAN MUT. LIABILITY INS. CO.

District Court, S. D. Texas, at Corpus Christi. May 18, 1929.

Nos. 145, 146.

Caldwell, Gillen, Francis & Gallagher, of Dallas, Tex., for plaintiff.

Y. D. Mathes, H. Malcolm Lovett, and Baker, Botts, Parker & Garwood, all of Houston, Tex., for defendant.

HUTCHESON, District Judge. This is a motion for a new trial to set aside a verdict and judgment thereon against the American Mutual Liability Insurance Company, entered in a suit brought under the Texas Workmen's Compensation Act, upon proof that McCaffrey, while in the course of his employment with the Chattanooga Boiler & Tank Company, had received an injury which totally incapacitated him for labor. At the trial the defendant made the point that, the Chattanooga Boiler & Tank Company having employed McCaffrey in Tennessee, the contract was a Tennessee contract, and plaintiff's right to recover was measured by and limited to the Workmen's Compensation Law of Tennessee (Laws Tenn. 1919, c. 123), and that plaintiff therefore could not recover under the Texas Workmen's Compensation Act (Rev. St. Tex. 1925, arts. 8306–8309), or at least would be required to elect under which act he would prosecute his claim.

Plaintiff elected, and in open court declared the election to abide by the Texas Workmen's Compensation Act. The cause went to trial, resulting in a verdict for plaintiff, and defendant filed its motion and amended motion for a new trial, which it has supported with vigorous and exhaustive briefs, upon the following proposition:

"Proposition No. 1. The contract of employment having been made in Tennessee, at which time the tank company was a subscriber under the Workmen's Compensation Act of Tennessee, which act is an elective and contractual act, and provides that the rights and remedies of an employee shall be determined exclusively by said act, and that it shall have extraterritorial effect, said act governs the rights of the parties hereto, and McCaffrey is relegated to such remedy as the said act affords, and is not entitled to compensation under the Texas act."

Defendant's counsel say in their brief:

"The Workmen's Compensation Act of Tennessee provides as follows:

" 'Sec. 3. Be it further enacted, that from and after the taking effect of this act, every employer and every employee except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided.'

" 'Sec. 4. (b) The employee shall give written or printed notice to the employer of his election not to be bound by the provisions of this act and file a duplicate, with proof of or service on the employer attached thereto, together with an affidavit of the employé that the action of the employé in rejecting the provisions of this act was not advised, counselled or encouraged by the employer or by anyone acting for the employer, with the bureau of workshop and factory inspection of the state of Tennessee.'

" 'Sec. 8. Be it further enacted, that the rights and remedies herein granted to any employé subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employé, his personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.'

" 'Sec. 19. Be it further enacted, that when an accident happens while the employé is elsewhere than in this state, which would entitle him or his dependents to compensation had it happened in this state, the employé or his dependents shall be entitled to compensation under this act if the contract of employment was made in this state, unless otherwise expressly provided by said contract.'

"The Tennessee act has been construed by the Supreme Court of Tennessee to be a contractual act and it has given effect to the extraterritorial provision thereof."

And they then proceed to present and discuss numerous authorities in support of their points.

The plaintiff meets this contention with the claims:

(1) That the defendant insured under the Texas Workmen's Compensation Act, that act providing: "An employee of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injury sustained in the course of his employment, if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claims said right or if the contract of hire was made before the employer became a subscriber, if the employee shall not have given the said notice within five days of notice of such subscription."

(2) That in Southern Casualty Co. v. Morgan (Tex. Com. App.) 12 S.W.(2d) 200, it is declared:

"1. Constitutional basis for the scheme of insurance and transferred liability provided in the Workmen's Compensation Law consists in agreement (a) of the employer; (b) the employee; and (c) the insurer. * * *

"The tripartite arrangement and consequent final relation between the insurer and employee are achieved in the statutory plan in this manner: (a) Without consultation of the employee, the employer and the insurer make agreement in consummation of which the employer pays a premium and the insurer issues a policy; (b) subsequently the insurance thus procured is offered to the employee upon condition that he accept its protection in lieu of common-law rights, etc.,

and he accepts with promise of that waiver. In points of consideration, this is observable: (1) As between the employer and the insurer, there moves from the one to the other a sum of money in return for which the insurer agrees to extend protection to the employee (as yet a stranger) if the employee later agrees to accept. (2) As between the insurer and the accepting employee, there is a promise for a promise (i. e., by the insurer to pay on contingencies and by the employee to forego claims against the employer).

"2. A proceeding for compensation, brought against an insurer in respect to a policy issued to a subscriber duly authorized by the statute, is at bottom and in essence a suit upon a contract; the right vindicated and the obligation enforced are consensual. In such a case, procedure is named in the statute and by adoption in the contract. We notice the form of pleading usually before the Courts include the postulate that the rights sought to be enforced and the remedies claimed are purely statutory; but, on account of what has been said, the assumption is well based only when it includes recognition of voluntary agreement to put the statutory terms into effect."

(3) That plaintiff was actually injured in Texas, and the defendant, having insured plaintiff's employer against such injuries without qualification, must abide its contract.

(4) That whatever the decision ought to have been, if the plaintiff and the defendant had contracted in Tennessee for work in Tennessee, and plaintiff had thereafter been sent out of the state to perform work, the facts of this case do not present that question, for here the evidence shows that while the plaintiff was employed in Tennessee, he was employed not generally to work in Tennessee, but especially to perform work on a specific job in Texas, and part of his compensation was his traveling expenses to and from his place of work in Texas.

Plaintiff cites authorities holding generally that, where the contract in its terms is to be performed in a certain place, the law of the place of performance and not of the place of contract, controls the rights of the parties. Defendant, while admitting that there are authorities which take this view, contends most vigorously that the better decided opinions and weight of authority are the other way.

I do not find it necessary to take sides on this branch of the argument, because I believe that the case rests for plaintiff on a broader ground; the ground that defendant has contracted in accordance with the laws

of Texas to insure the Chattanooga Boiler & Tank Company against injuries to its employees, and cannot avoid it upon considerations of this kind, but must abide and perform its terms.

Nor do I find it necessary to decide whether plaintiff was compelled to make the election which he did make in open court, or whether, as discussed in the briefs, and as decided in one Texas case, plaintiff might have sued under both statutes. It is sufficient for me to hold, as I do hold, that under the Workmen's Compensation Act of Texas defendant in this case wrote the insurance for the employer of this plaintiff; that it agreed under the provisions of that law to pay compensation to those injured in the course of their employment in Texas, while in the employ of the insuring company; and that a simple contract, made thus simply, cannot be set aside by that form of casuistry which consists in writing into the contract exceptions which it does not contain.

The case has been splendidly and interestingly briefed, and it is possible that I have resolved the case too simply; but as I see it, whether the plaintiff made a contract in Tennessee to work in Tennessee, or made a contract in Tennessee to work in Texas, is wholly immaterial. He did work in Texas; he was injured in Texas in the course of his employment. Defendant did make a contract with his employer to compensate those injured as plaintiff was without any qualification, and, having so contracted, it seems to me defendant should abide its contract.

The motion will be overruled.