568-A



# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

No. 3088  C. H. Lewis v. Ind. School
Dist. of Austin, Sup. Ct.,
involves this question.

INSURANCE - MUTUAL COMPANIES

1. Counties and other political subdivisions may
not legally insure property in mutual fire in-
surance companies because of the prohibitions
contained in Section 52 of Article 3 of the
Texas Constitution.

2. That part of section 8 of the Acts of the
Forty-first Legislature, First Called Session,
Chapter 40, p. 90, (Vernon's Annotated Civil
Statutes, Article 4860a-8) purporting to give
public corporations the right to purchase in-
surance in mutual companies is unconstitution-
al, being in violation of Section 52 of Art.
3 of the Texas Constitution.

(This opinion overrules Conference Opinion
No. 2880)

OFFICE OF THE ATTORNEY GENERAL

September 20, 1939

Hon. E. G. Moseley
Civil District Attorney
Dallas, Texas

Att'n:  Hon. Harold McCracken, Assistant

Dear Sir:

Opinion No. O-924

Re:   Can the county of Dallas obtain in-
surance in a mutual fire or casualty
company without violating the laws of
the state of Texas?

This office is in receipt of your inquiry as stated above. In view
of the importance and difficulty of the question as reflected by the
various rulings heretofore made by this Department during former administra-
tions, and the lack of judicial expression by the Courts of Texas on the
exact point involved, we have undertaken to review all available authorities
on the subject.

The first expression of the Attorney General's office we have found
appears in a letter opinion dated August 8, 1919, written by Assistant
Attorney General E. F. Smith to Hon. Fred L. Blundell. In that opinion it
was held that school trustees were not authorized under the law to insure
school buildings or property in mutual fire insurance companies. The reason
given was that a mutual fire insurance company was to a certain extent a
partnership. No authority was quoted. (Letter opinions, Attorney General,
Vol. 230, p. 235).

The first conference opinion on this question was rendered to Miss
Annie Webb Blanton, State Superintendent of Public Instruction, on June 14,
1921, by Assistant Attorney General L. C. Sutton. Holding each member of
a mutual company to be in the insurance business the opinion denied authori-
ty for an independent school district to insure with a mutual fire insurance
company. (Conference opinion No. 2361, Attorney General, Vol. 56, Conference
opinions, p. 274).

It is to be noted opinion No. 2361 was approved as a conference opinion
by Attorney General C. M. Cureton, now Chief Justice of our Supreme Court.

On June 27, 1923, Mr. Sutton, the author of opinion No. 2361, supra,
wrote a letter opinion to Hon. S. M. N. Marrs, State Superintendent of Pub-
lic Instruction, holding that because of the language of Senate Bill 213
(Ch. 180, page 392, General Laws, Thirty-eighth Legislature, Regular Session,
1923), authorizing public or private corporations, boards or associated to
hold policies in any mutual insurance companies organized thereunder, that
school district would come within the purview of the words "public corpora-
tion" and therefore had authority to insure school buildings in such mutual
companies. (Letter opinions, Attorney General, Vol. 260, p. 219).

A letter opinion dated April 22, 1931, written by Assistant Attorney
General Grady Sturgeon to Hon. Frank W. Martin, held the Legislature without
constututional authority to sanction mutual insurance by counties, cities
or school districts. He cited Section 52 of Article 3 of the Constitution,
asserting that insurance by counties, cities and school district in such
companies would be in derogation of such constitutional provision. (Letter
opinions, Attorney General, Vol. 320, p. 745).

The most recent conference opinion on the subject before us was written by Assistant Attorney General Everett F. Johnson to Hon. S. M. N. Marrs on March 23, 1932. The opinion reviewed the authorities at the time, and held it permissible for counties, cities and school districts to purchase such insurance. The opinion held political subdivisions did not violate either section 52 of Article 3 or section 3 of Article 11 of the Constitution of the state of Texas. The opinion was based on the statutory provisions of Chapter 9, Title 78 of the Revised Civil Statutes, as amended. All prior opinions holding to the contrary were overruled, the letter opinion of Mr. Sturgeon, supra, being particularized. (Conference opinion No. 2880, Report and Opinions, Attorney General, 1930-1932, p. 165).

At the request of Hon. T. M Campbell, Jr., Fire Insurance Commissioner, a letter opinion was written by Assistant Attorney General Brann Fuller on November 23, 1927 advising that the city of Denton, Texas, could insure its municipal building with a mutual fire insurance company, the statute authorizing any "public corporation" to hold policies in mutuals. Quoting Senate Bill 213 of the Thirty-eighth Legislature (Article 4867, R. C. S. 1925, now Article 4860a-S, Vernon's Annotated Revised Civil Statutes), the opinion of Mr. Fuller then used the following language:

"Accordingly, the Legislature has in an unequivocal expression author-ized municipal corporations to become members of mutual insurance companies and hold policies therein. As a consequence thereof * * * as far as statu-tory law is concerned, the legal right of a municipal corporation to become a member of a mutual insurance company became perfect."

However, the writer took cognizance of the decisions of the Commission of Appeals in the case of City of Tyler y. Texas Employer's Insurance Association, 288 S.W. 409, rehearing denied, 294, S.W. 195, stating the effect of "dicta" in that case to have been to cast doubt upon the constitu-tionality of Article 4867, supra, (Letter opinions, Attorney General, Vol. 291, 486).

The last expression we have been able to find is in a letter opinion written by Assistant Attorney General Richard Brooks to Hon. John F. Sutton, on August 15, 1938. This opinion followed conference opinion No. 2880, supra. (Letter opinions, Attorney General, Vol. 382, p. 704).

Thus, we find the question here presented by you to have been the subject of study by this Department on at least seven different occasions, under five different administrations, with three opinions holding mutual insurance illegal for political subdivisions, and four to the contrary, at least one of which indicates serious doubt on the part of the author.

The position assumed in the brief you submit with your opinion request is that the purchase of insurance in a mutual fire or casualty company would violate section 52 or Article 3 of the Constitution of Texas, which reads as follows:

"The Legislature shall have no power to authorize any county, city, town or political corporation or subdivision of this state to lend its credit or to grant public money or thing of value in aid of or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company."

Section 3 of Article 11 of the Constitution of Texas reads:

"No county, city or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation, or association or make any appropriation or donation to the same, or in any wise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law."

All mutual insurance other than life insurance is authorized and regulated by the provisions of chapter 9 of Title 78 of the Revised Civil Statutes of Texas, as amended. The most recent legislative enactment is contained in chapter 40, p. 90, Acts Forty-first Legislature, First Called Session, 1929. The same is codified as Articles 4860a-1 to 4860a-19, inclusive, of Vernon's Annotated Civil Statutes.

The statutes authorize any number of persons, not less than twenty to become a "body corporate" to carry on the business of mutual insurance. (Art. 4860a-1, Vernon's Annotated Texas Statutes). "Any person proposing to form any such company shall subscribe and acknowledge articles of incorporation * * *", with certain specifications (Art. 4860a-2). "Such articles of incorporation shall be submitted to the Board of Insurance Commissioners, herein called 'The Board', who shall submit them to the Attorney General for examination, * * *" (Art. 4860a-4). Provision is made for such a "company" writing any kinds of insurance which may be lawfully written in Texas (Art. 4860a-6). Specific provision is made for writing Workmens Compensation Insurance (Art. 4860a-7). Foreign mutuals are permitted to transact business in Texas, after complying with certain conditions, one of which is to file with the Board of Insurance Commissioners a copy of its "charter or articles of incorporation" (Art. 4860a-13).

Article 4860a-8 is here quoted in full:

"Any public or private corporation, board or association in this state or elsewhere may make application, enter into agreements for and hold policies in any such mutual insurance company. Any officer, stockholder, trustee, or legal representative of any such corporation, board, association or estate may be recognized as acting for or on its behalf for the purpose of such membership, but shall not be personally liable upon such contract of insurance by reason of acting in such representative capacity. The right of any corporation organized under the laws of this state to participate as a member of any such mutual insurance company is hereby declared to be incidental to the purpose for which such corporation is organized and as much granted as the rights and powers expressly conferred."

The next article, 4860a-9, reads as follows:

"Every member of the company shall be entitled to one vote, or to a number of votes based upon the insurance in force, the number of policies held, or the amount of premium paid, as may be provided in the by-laws."

The Legislature has provided a means whereby any Stock Insurance Company may become a Mutual Company "Owned and controlled" by its policyholders. See Art. 4871a, Vernon's Annotated Statutes; Acts 1931, Forty-second Legislature, Ch. 118, p. 200.

In Cooley's Briefs on the Law of Insurance, (1905) Vol. I, pp. 51-52, it is said:

"Mutual Companies ordinarily possess no capital stock, but are made up of all the policyholders who take the place of the stockholders in an ordinary corporation, and act through agencies selected by themselves. * * *

"While, in a stock company, a stockholder is not necessarily insured, and one insured by the company sustains no relation thereto except that of contract, it is a distinguishing feature of a mutual company that one insuring therein becomes a member of the association. * * *

"The members and stockholders of a mutual insurance company are therefore identically the same. That is to say, a stockholder of a mutual insurance company is simply one who has paid into the capital of the company by way of premium, and who is responsible for its losses to that extent, and who is entitled, when such premiums shall have accumulated to a larger sum than is required to pay the losses, to pro rata division thereof as profits; * * * and it would seem that the fundamental principle of a mutual insurance company is that the company in no case can insure property not owned by one of its own members."
(Citing authorities).

In the supplement to the same work (1919), Vol. 6, p. 9, the same pronouncement is made in brief language:

"Mutual companies have no capital stock, the policyholders taking the place of the stockholders in an ordinary corporation, and the cash paid in and premium notes constitute the companies' assets."

From Ruling Case Law, (14 R. C. L. 847, §12) we quote the following:

"As regards rights and remedies, the policyholders in a mutual insurance company are stock holders therein the same as owners of stock in a stock corporation, there being no charter provision to the contrary. Their interests are two-fold: They are both insurers and insured. In respect to the former, they are bound to share in the losses and entitled to share in the profits of the business, on the basis of a partnership, except so far as the charter or policy contract provides otherwise. Each member to the

extent of his premium note insures every other member who was such when he became a member, or became and continued to be such during his membership and he, in turn, is insured by every other member to the extent of his premium note. * * *"

See, also, Huber v. Martin, 127 Wis. 412, 105 N.W. 1031, 1135, 115 A.S.R. 1023, 7 Ann. Cas. 400, 3 L.R.A. (N.S.) 653; Sugg v. Farmers' Mutual Insurance Association (Tenn.) 63 S.W. 226, 228; Whitehead v. Farmers' Fire & Lightning Mutual Insurance Company (Mo. App.) 227 Mo. App. 891, 60 S.W. (2nd) 65; Buck v. Ross (S. D.) 240 N.W. 858; Wermuth v. Minden Lumber Company (La.) 57 So. 170; State v. Willett, (Ind.) 86 N.E. 68; Greenlaw v. Aroostook County, Patrons Mutual Fire Insurance Company (Maine) 105 Atl. 116.

In considering your inquiry we have read many cases in this and other jurisdictions. While the precise question of the legality of political subdivisions purchasing mutual fire insurance has not been before our Texas appellate courts, we have three cases construing various phases of our Workmens Compensation Act, containing language we deem conclusive of the question.

In the case of Texas Employers' Insurance Association v. City of Tyler, plaintiff sought to recover unpaid premiums on an employer's policy of insurance taken out by the City of Tyler, under the Workmen's Compensation Act and for penalties for misrepresentations as to its payrolls. A general demurrer was sustained in the district court, and the Insurance Association appealed to the Texarkana Court of Civil Appeals. Appellee, city of Tyler, insisted upon two propositions (1) that an incorporated city or town could not avail itself of Workmen's Compensation Insurance and (2) that the city could not because forbidden by the terms of Section 52 of Article 3, and Section 3 of Article 11, of the Constitution, become a member of the Employer's Insurance Association. With reference to the latter contention, Justice Hodges wrote as follows; (283 S.W. 292 at p. 933):

"But conceding that the Legislature did intend that this Act should apply to incorporated cities and towns, the question arises, is there any constitutional restriction which forbids such minicipalities becoming members of employers' insurance associations? Counsel for appellee contends that there is and refers to the following provisions of the State Constitution:

(Quoting Section 52 of Article 3, and Section 3 of Article 11, hereinabove set forth).

"The financial difficulties in which cities and counties formerly became involved by lending their credit to assist railway construction, and which caused the adoption of those provisions of the Constitution, is a part of the legal history of the state. To avoid those and similar difficulties was the plain purpose of those inhibitions. While the Texas Employers' Insurance Association is a corporation, it is not strictly a private corporation and is not organized as a private enterprise for profit. It has no

capital stock, and issues no shares to stockholders. It engages in no speculative enterprise and contracts no debts, except those identical to its operation in the performance of its statutory duties. It is what its name indicates, a mutual insurance association. Subscribers do not become such for profit, but for protection against liabilities difficult to escape, and to secure immunities which other laws deny to employers of labor. Middleton v. Power & Light Company, 185 S.W. 556, 108 Tex. 96; City of Dallas v. Employers' Insurance Association (Tex. Civ. App.) 245 S.W. 946. We, therefore, conclude that the Constitution imposes no barrier to membership by incorporated cities in an employers' insurance association."
(Underscoring ours.)

The Court of Civil Appeals reversed the district court, reversing and remanding the cause for trial.

A writ of error was granted, and the opinion of the Commissionof Appeals (Section B), is found in 288 S.W. 409. After reviewing the statutes authorizing the Texas Employers' Insurance Association, which are very similar to the statutes pertaining to mutual fire insurance the opinion of Judge Spear reads as follows:

" * * * These and other provisions of the act make it clear to us that the Texas Employers' Insurance Association is a corporation engaged in the insurance business on the mutual plan, whose subscribers are stockholders in such corporation. For this reason section 52 of the Constitution, above quoted, forbids cities and towns from becoming stockholders therein.

"But whether such Employers' Insurance Association be technically a corporation or not, it is clear to us that the whole plan of the Workmen's Compensation Act is such that the constitutional provision that the Legislature has 'no power to authorize any * * * city (or) town * * * to lend its credit or to grant public money or thing of value in aid of, or to, any individual, association or corporation whatsoever', applies with full force. Becoming a member of such association under our act necessarily would require such city or town to do these very things. In the nature of the subscriber's obligation - its agreement to be assessed for the purpose of paying losses - it lends its credit. * * *"

In his opinion on motion for rehearing, Justice Speer holds the Texas Insurance Association not to be such a private corporation as is forbidden to be created by special law, then adds:

"But it does not follow that such association does not have the elements of a private corporation, and in fact it does have, not only by legislative declaration, but by context as well, the essential elements of a private corporation and expecially those elements which bring the concern under the ban of section 52, Article 3, of our Consitution quoted in the original opinion. * * *We have merely indicated our opinion that the nature of such association, whether 'technically a corporation or not' is such that municipal corporations cannot become subscribers thereto without violating

constitutional limitations."

In the case of Southern Casualty Company v. Morgan, 12 S.W. (2nd) 200, the Commission of Appeals, section A, recognized the holding in the city of Tyler case. Both Judge Nickels and Judge Critz (now Associate Justice of our Supreme Court) wrote upon the subject. In this case Morgan, an employee of the city of Weatherford, was injured. The city was a subscriber to the Texas Employers' Insurance Association, and had a policy covering its employees, including plaintiff Morgan. The Fort Worth Court of Civil Appeals, while recognizing the city of Tyler case as correctly holding a city could not legally take insurance with a mutual company because of its inability under the constitution to become a stockholder, nevertheless permitted plaintiff's judgment to stand, holding the defendant Southern Casualty Company estopped to deny liability on that ground and said the city's ultra vires act in subscribing to the association did not make the policy void. (Southern Casualty Company v. Morgan, 299 S.W. 476).

When the Commission of Appeals considered the case, Judge Nickels referred to the city of Tyler case and supplemented the opinion of the Court of Civil Appeals, referring to section 52 of Article 3 of the Constitution, making this pertinent statement:

"It is observed, in passing, that Texas Employers' Insurance Association in its corporate nature and method of business belongs in a class distinctive from that which included Georgia Casualty Company or Southern Casualty Company, so-called 'old line' companies."

Judge Critz wrote a concurring opinion wherein he used the following language:

"I concur in the result recommended in this case in the opinion of Judge Nickels, and I agree, in the main, with the holding as expressed in his opinion. I also agree with the holding in City of Tyler v. Texas Employers' Insurance Association (Tex. Com. App.) 288 S.W. 409, that the Workmen's Compensation Law of Texas, by its express terms, does not apply to cities and towns, or other municipal corporations. However, I do not agree with that part of the opinion in City of Tyler v. Texas Employers' Insurance Association which seems to hold that the Legislature of this state is without power to apply the provisions of the Workmen's Compensation Act (Rev. St. 1925, Arts. 8306-8309) to cities and towns, provided their insurance is not carried in a mutual insurance concern and does not involve the city or town as a member of or stockholder in such a concern. In other words, I see no constitutional bar to cities and towns being brought under the provisions of the Workmen's Compensation Act if its insurance is carried in what is known as an old line insurance company. * * *

"In the City of Tyler case, the policy of the insurance was issued by Texas Employers' Insurance Association, a mutual insurance company, chartered under the laws of this state, and the taking out a policy in said association clearly involved the city as a member of or stockholder in said concern, a

thing clearly prohibited by the article of our Constitution cited, and the holding to that effect ruled that case. * * * (Underscoring ours)

In the case of McCaleb v. Continental Casualty Company, (Tex. Civ.App.) 113 S.W. (2nd) 347, (Tex.Sup.Ct.) 116 S.W. (2nd) 679, the court of Civil Appeals held that cities and towns came within the provisions of the Workmen's Compensation Law, but reaffirmed the holding in the city of Tyler case that the Texas Employers' Insurance Association is a mutual association, of which the subscribers are stockholders and that under the constitution a municipal corporation may not lawfully become a subscriber of that association, because of its mutual character. We quote one paragraph of the court of Civil Appeals:

"And it has been decided, in effect, that municipal corporations may insure their employees, under the provisions of the act, in a non-mutual, or 'old line' company, and thereby acquire all the benefits, and assume all the responsibility, of a lawful subscriber under the act. Southern Casualty Company v. Morgan, supra; Great American Ind. Company v. Blakey, supra." (Great American Ind. Company v. Blakey, Tex. Civ. App., 107 S.W. (2nd) 1002).

When the case came before our Supreme Court, Justice Sharp wrote the opinion, holding the court of Civil Appeals erred in holding the Workmen's Compensation Act as written applied to cities, towns and municipal corporations, but with reference to the right of municipal corporations to insure employees, we quote the following:

"In 1926 the question reached this court and it was first held that the Workmen's Compensation Law applied only to ordinary private corporations, and that the law did not apply to cities, towns or municipal corporations. City of Tyler v. Texas Employers' Insurance Association, Tex. Com. App., 288 S.W. 409; Id., Tex.Com.App. 294 S.W. 195; See also Southern Casualty Company v. Morgan, Tex. Com. App., 12 S. W. (2nd) 200; Adkinson v. City of Port Arthur, Tex. Civ. App. 293 S.W. 191, writ of error refused; Brooks v. State, Tex. Civ. App. 68 S. W. (2nd) 534, writ of error refused; 45 Tex. Jur. p. 455, § 69, and cases cited. It was also held that by virtue of section 52 of Article 3 of our Constitution, Vernon's Ann. St. Const., Art. 3, § 52, municipal corporations could not take out a policy of insurance in a mutual insurance company which would require a city to become a member of or stockholder in such insurance company. However, on the other hand, it was held that cities could carry insurance issued by old line companies in favor of their employees, irrespective of the fact that the insurer measured its liability by applicable provisions of the Workmen's Compensation Law. Southern Casualty Company v. Morgan, Tex. Com. App. 12 S.W. (2nd) 200, Id., Tex. Com. App. 16 S.W. (2nd) 533; Maryland Casualty Company v. Rutherford 5 Cir. 36 F. (2nd) 226; 45 Tex. Jur. p.p. 455-457, § 69; 30 Tex. Jur., p. p. 527-529, § 29. * * *

"While it has been held that the Workmen's Compensation Act does not apply to cities, and that section 52 of Article 3 of the Constitution, Vernon's Ann. St. Const., Art. 3 § 52, prohibits a city from becoming a member of a mutual insurance association whose subscribers are stockholders

in such company, such as the Texas Employers' Insurance Association, it has also been held that such provision of the Constitution does not prohibit a city from taking out employer's liability insurance in an old line insurance company. Nor can liability to an employee of a city who accepts insurance thereunder be defeated on the ground that such contract is illegal or ultra vires as to the city. The insurer is estopped from denying the validity of the contract as to the employee where it collects and retains premiums thereon. 30 Tex. Jur. , pp. 528, 529, Section 291, and cases cited in notes: 32 C.J., p. 1351, Section 631, and cases cited in notes."

We, therefore, feel it incumbent upon us to overrule conference opinion No. 2880, inasmuch as the express-language of our appellate courts in the cases quoted, written since the above numbered conference opinion, clearly indicate the opinion of the learned judges to be that political subdivisions cannot legally purchase insurance from mutual companies because of Section 52 of Article III of our Constitution. We have been unable to perceive any possible distinction in law between mutual fire insurance and mutual employers liability or Workmen's Compensation Insurance insofar as the constitutional provisions are applicable.

We recognize the effort of the Legislature in the enactment of Article 4860a-8, supra, to attempt to sanction such insurance by public corporations, and we realize the effect of our opinion will be to declare that part of the statute unconstitutional. We perceive such to be our duty in view of the expression of our Texas courts.

After careful and exhaustive investigation of all available authorities, we are of opinion and you are respectfully advised that Dallas County cannot legally purchase insurance in mutual fire or casualty companies; that such purchase would involve taking membership in or becoming a stockholder in such corporation, association or company in direct violation of the provisions of the Texas Constitution.

We, therefore, overrule Conference Opinion No. 2880, and all other opinions and expressions of this department holding contrary to this one.

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Benjamin Woodall

BW:ob                           Benjamin Woodall, Assistant

This opinion has been considered in conference, approved, and is now ordered recorded.

/s/ Gerald C. Mann
Gerald C. Mann
Attorney General of Texas