## GIST et al. v. TSESMELIS et al.

No. 10968.

Court of Civil Appeals of Texas. San Antonio.

June 11, 1941.

Rehearing Denied July 16, 1941.

S. Austin Wier, of Dallas, for plaintiffs in error.

Lloyd & Lloyd, of Alice, for defendants in error.

MURRAY, Justice.

This suit was filed on November 23, 1936, in the District Court of Jim Wells County, Texas, by Louise Tsesmelis, joined pro forma by her husband, Gust Tsesmelis, against S. F. Gist and R. A. Graddy, residents of Dallas County, Texas, and H. H. Weinert, who was afterwards dismissed and will not be further mentioned or referred to herein, seeking to recover a substantial sum for meals furnished to defendants' employees.

On February 16, 1937, defendants Graddy and Gist filed their plea of privilege to be sued in Dallas County, which plea of privilege was controverted by affidavit and set for hearing on March 10, 1937, on which date the plea was overruled and a default judgment rendered. On the same date defendants' motion to set aside the default judgment was granted; whereupon defendants waived their plea of privilege and entered their appearances. The cause was thereafter set for trial many times, and likewise many times continued, until the 3d day of March, 1940, when judgment was entered for plaintiff Louise Tsesmelis against Gist and Graddy for the sum of $1,808.89, from which judgment Gist and Graddy have prosecuted this appeal by writ of error.

Plaintiffs in error present but one contention, which is to the effect that the petition showing on its face that Louise Tsesmelis is a married woman, that she is joined only pro forma by her husband, and that the suit is for the price of meals served at a cafe operated by her, the judgment should be reversed for want of a necessary party, in that the suit is for community property and can properly be maintained only by the husband.

■ Unquestionably, the earnings of a cafe operated by a married woman would be community property of herself and husband and a suit to recover the same should be brought by the husband and in his name. The wife would not even be a proper party to such a suit. Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956.

■ It is ordinarily not sufficient that the husband be made a pro forma party but he must be a real party. Urban v. Field, Tex. Civ.App., 137 S.W.2d 137; Hill v. Kelsey, Tex.Civ.App., 89 S.W.2d 1017.

■ However, in the case at bar the failure to make the husband a real party to the suit is raised for the first time in this Court. While plaintiffs in error entered their appearance in the trial court and filed an answer containing a general demurrer, the record does not show that such general demurrer was presented to the court and a ruling secured thereon. The general demurrer was therefore waived. Edrington v. Newland, 57 Tex. 627; Houston Electric Co. v. Potter, Tex.Civ.App., 51 S.W.2d 754; Southern Casualty Co. v. Morgan, Tex.Com. App., 16 S.W.2d 533; Indiana & Ohio Live Stock Ins. Co. v. Smith, Tex.Civ.App., 157 S.W. 755.

■■ Failure to present any demurrer in the trial court is in effect an admission that the petition states a cause of action. The husband could have assigned all of his interest in this claim to his wife and it would have thereby become the separate property of the wife. There is no statement of facts in the record and we must presume that the evidence was sufficient to support the judgment rendered.

The Supreme Court in Thomas v. Chapman, 62 Tex. 193, said: "It has never been held that the pleader was bound to plead the evidence of his right; under the averment of ownership, if there had been nothing in the pleadings in relation to the assignment, proof of the assignment was admissible, and in no way varied from the allegations. * * * "

■ Furthermore, the record shows that the husband, Gust Tsesmelis, actively participated in this case. He swore to the controverting affidavit to plaintiffs in error's plea of privilege. He is estopped by the judgment from further asserting the same claim against plaintiffs in error. They are in no position to show injury by the fact that the husband was made a pro forma party rather than a real party. The words "pro forma" become mere surplusage after trial and judgment. If demurrers had been timely presented to the trial court, they would no doubt have been sustained and proper amendments of the petition made. The matter, as it is here presented, does not constitute fundamental error.

The judgment is affirmed.