## TAYLOR v. CATALON.
### No. 11267.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1941.

Rehearing Denied Nov. 20, 1941.

Alpha & Brunson, of Houston, for appellant.

Colgin & Mulitz, and A. L. Vetrano, all of Houston, for appellee.

### MONTEITH, Chief Justice.

This action was brought by appellee, Gertrude Catalon, to recover damages for personal injuries alleged to have been sustained by her as the result of a collision alleged to have been due to the negligent operation of a taxi-cab in which she was riding as a passenger, which was owned and operated by appellant, H. T. Taylor, and a bus owned and operated by defendant, Houston Electric Company.

Appellee alleged that at the time this cause of action accrued she was permanently separated from her husband, Edward Catalon; that she had requested him to join her in this suit, but that he had refused to do so; that she was divorced from him prior to the trial of the case and that his whereabouts had been unknown to her since that time. There is no showing in the record that the property rights of appellee and her former husband were adjudicated in their divorce suit or that his interest in the recovery in this suit was assigned to appellee. He was not made a party to this action.

Appellant, H. T. Taylor, answered by general denial and a general demurrer. It does not appear from the record that the general demurrer was presented to the court or that a ruling was secured thereon.

At the conclusion of the testimony, defendant, Houston Electric Company, moved for and obtained an instructed verdict in its favor and the case against appellant, Taylor, was submitted to the jury on special issues which were answered in favor of appellee. Based upon the answers to such special issues, judgment was rendered in favor of appellee and against appellant Taylor for the sum of $1,500.

There is no statement of the facts adduced in the trial court in the record. We must, therefore, in the absence of fundamental error, rely upon the pleadings in passing on the correctness of the judgment rendered and must presume that the evidence introduced in the trial court was sufficient to support the judgment.

The controlling question presented in the appeal is whether the judgment rendered by the trial court, which was admittedly a recovery of the entire damage sustained by appellee under her pleadings, was fundamentally erroneous for the alleged reason that it did not dispose of the interest of appellee's former husband in the recovery in this suit.

It is the well-settled law of this state that damages to a married woman for personal injuries are community property. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Teague v. Fairchild, Tex.Com. App., 15 S.W.2d 585; Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778, writ refused; Lamar & Smith v. Stroud, Tex.Civ.App., 5 S.W.2d 824; Roberts et al. v. Magnolia Petroleum Co., Tex.Civ.App., 142 S.W.2d 315. It is also the settled law in this state that while the right to sue for the recovery of community property is vested in the husband, a wife who has been permanently abandoned by her husband has the power to manage and control the community property and, of necessity, the power to enforce her rights by suit when these facts are properly pled and established by proof. El Paso Electric Co. v. De Garcia, Tex.Civ.App., 10 S. W.2d 426; Lamar & Smith v. Stroud, Tex. Civ.App., 5 S.W.2d 824; Missouri, K. & T. Ry. Co. v. Allen 53 Tex.Civ.App. 433, 115 S.W. 1179. This rule is based on the theory that a husband cannot by his refusal or neglect to sue deprive his wife of the benefits of property in which she has an equal interest with him. When he abandons his duties as a husband, he loses his exclusive right to sue for and control the community property which the wife needs for her support. Lamar & Smith v. Stroud, Tex.Civ.App., 5 S.W.2d 824. Un-

der the allegations in appellee's pleadings, which, in the absence of a statement of facts, must be considered as established, she was authorized to bring this action without the joinder of her husband and to prosecute it to final judgment.

The failure of appellee to make her former husband a party to this suit is raised for the first time in this court. While appellant Taylor answered by general denial and general demurrer, no exception complaining of the insufficiency of the appellee's pleadings or the evidence to authorize her to sue alone was presented in the trial court, and it does not appear that the general demurrer was either presented to the court or that a ruling was secured thereon. It has been uniformly held in this state that failure to urge an exception to pleadings to the effect that they were insufficient to authorize a party to sue alone, and the failure to secure a ruling on a general demurrer to the sufficiency of such pleadings constitutes a waiver thereof and is in effect an admission that the pleading states a cause of action. Gist et al. v. Tsesmelis et al., Tex. Civ.App., 153 S.W.2d 277; Lamar & Smith v. Stroud, Tex.Civ.App., 5 S.W.2d 824; Houston Electric Co. v. Potter, Tex.Civ. App., 51 S.W.2d 754; Southern Casualty Co. v. Morgan, Tex.Com.App., 16 S.W.2d 533.

Further, it has never been held that a pleader was bound to plead the evidence of his right, or that, under averments of ownership, in the absence of allegations in the pleadings of an assignment of said right, proof of the assignment is not admissible or that such proof constitutes a variance from the allegations of ownership. Thomas v. Chapman, 62 Tex. 193; Gist et al. v. Tsesmelis et al., Tex. Civ.App., 153 S.W.2d 277.

Under the above rule that a pleader is not bound to plead the evidence of his right, it is to be presumed, in the absence of a statement of facts, that the trial court found from the evidence adduced that the former husband of appellee had, prior to the trial of this case, assigned whatever interest he had in the subject matter of this suit to appellee as her separate property, and that, having so found, the trial court rendered judgment in favor of appellee in conformity with the verdict of the jury.

Under above facts, the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.