## FIFTH DISTRICT, 1896.

JOHN B. ENGLEMAN v. JNO. N. DEAL ET AL.

Delivered May 9, 1896.

1. **Married Woman—Post-Nuptial Contract with Husband—Community Interest.**

A contract entered into after marriage, by which the wife agrees not to claim her community interest in the property, is void.

2. **Same—Parol Gift by Husband.**

The husband may during marriage make a parol gift to his wife of money arising from money loaned belonging to the wife, and such property becomes her separate property.

3. **Same—Right of Wife to Make Will—Assent of Husband.**

The will of a married woman will convey the property therein devised, if it is her separate property, and if it is community property, it will convey her half interest therein, whether the husband assents thereto or not.

4. **Practice—Admission of Immaterial Evidence.**

The erroneous admission of evidence that could not have materially affected the verdict, is harmless error.

5. **Foreign Law—Presumption.**

In a contest between the husband and the heirs of his deceased wife as to property acquired in another State, the court correctly charged, in the absence of proof as to the law of such other State relative to community property, that the rights of the parties should be determined under the laws of Texas.

6. **Practice on Appeal—Assignments of Error.**

Assignments of error that the verdict and judgment are erroneous, without any proposition thereunder showing in what respect they are erroneous, will not be considered.

APPEAL from Collin. Tried below before Hon. J. E. DILLARD.

*Abernathy & Beverly*, for appellant.—1. The court erred in refusing to permit John B. Engleman to testify that he and his deceased wife, Elizabeth Engleman had agreed that each one should retain his separate property and invest as he might elect, and that the increase of the same might be separate property; and the court further erred in refusing to permit plaintiff to testify that this was done. Newton v. Newton, 77 Texas, 508; Mitchell v. Mitchell, 80 Texas, 111; Story v. Marshal, 24 Texas, 308; 80 Texas, 111.

*M. H. Garnett*, and *Jenkins & Pearson*, for appellees.—1. The court did not err in refusing to permit John B. Engleman to testify that he and his deceased wife, Elizabeth Engleman, had agreed that each one should retain his separate property and invest as he might elect, that the increase of the same might be separate property; nor was there error in refusing to permit plaintiff to testify that this was done. In all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent neither party shall be allowed to testify against the others as to any transaction with or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party. Rev. Stats., art. 2248.

2. A post-nuptial contract between John B. Engleman and his wife, Elizabeth Engleman, by the terms of which she agreed not to claim any community property arising from his separate property would be absolutely void if made. A post-nuptial contract or agreement if made by and between them, by the terms of which she transferred any of her property, especially real estate, to her husband, was absolutely void. A post-nuptial contract if ever made between appellant and his wife by the terms of which her real estate was transferred directly or indirectly to him for his benefit was absolutely void. Arts. 2847, 2849, 2851, 2852, 2853, Rev. Stats.; Proetzel v. Schroeder, 83 Texas, 684; Graham v. Stuve, 76 Texas, 533; Cannon v. Boutwell, 51 Texas, 627.

LIGHTFOOT, CHIEF JUSTICE.—Appellant brought this suit in the District Court of Collin County, against appellees, who are the heirs and legatees of his deceased wife, Elizabeth Engleman, to settle the property rights between them. Appellant alleged, that he and said Elizabeth were married in the State of Virginia about 1849, and moved to Missouri about 1859, and to Texas in 1869, and that Virginia and Missouri are common law States; that by agreement between the spouses after marriage, each retained possession and control of his or her own separate estate, and that it was kept separate; that the lands set out in his petition (about 22 tracts) were bought with his own separate means and the proceeds of it; that appellees received from their mother a large amount of property bought with her separate property and its proceeds, a part of which was community property; and prayed for an adjustment of the property rights and for partition.

Defendants' answer sets up a large amount of separate money received by Elizabeth Engleman from her father's estate and other sources and its investment in the property in controversy, and claimed the land as her separate estate, and they deny having received any property belonging to the community estate. They also set up that appellant received a large amount of rents and personal property belonging to the community, and prayed that he be required to account.

The case was submitted to a jury on special issues, and under their verdict the court adjudged all the lands to be community property, except an interest in one of the tracts originally bought by John B. Engle-

man, and in this he was allowed a separate interest in proportion to the amount of separate money he invested in it; an account was also taken of the money received and paid out by him after the death of his wife, and decree of partition entered. ·Engleman appeals.

The facts are quite voluminous, and appellant not having complied with the rules in making a clear and succinct statement of them in his brief, our conclusions ʹupon the same will be given under the different assignments considered, which will cover the material issues in the case.

1.   The first assignment of error presented by appellants is,—that the courtʹerred in refusing to permit John B. Engleman to testify that he and his wife Elizabeth Engleman, after marriage, made a verbal agreement that each should retain his or her separate property and invest it, and that the increase should be separate estate, and that this agreement was carried out.

Our statutes provide for marriage contracts which may be entered into before marriage, but these cannot be altered after the marriage. Rev. Stats., art. 2849.   A contract entered into after marriage, by which the wife should agree not to claim her community interest in the property would be void.   Green v. Ferguson, 62 Texas, 529; Praetsell v. Schroeder, 83 Texas, 684; Graham v. Stone, 76 Texas, 533; Cannon v. Boutwell, 53 Texas, 626,

As to the last clause in the assignment, to the effect that the agreement was carried out, the court allowed full proof on both sides as to the amount of separate property owned by each, and its investment, and the amount of community property and how it was acquired; and the separate property of appellant which went into the lands in controversy was fully recognized and his separate interest protected.   The whole of the land in controversy was found to be community estate except the portion set apart to him as separate property, which was all he could fairly claim under the facts proven.   We do not deem it necessary to discuss other legal questions presented under this assignment, as we do not think they are necessarily involved.

2.   The next assignment presented in appellant's brief is the third. Upon the trial appellant offered in evidence a deed from J. B. Engleman and wife to J. N. Deal for a tract of land not embraced in this suit, said deed showing on its face a cash consideration of $1000 to J. B. Engleman, and two notes of $1000 each to him, and two notes of $450 each to Elizabeth Engleman.   Appellant J. B. Engleman while on the stand proposed to testify that the notes were so taken by himself and wife as an agreed settlement of their respective separate interests in the purchase money.   This oral testimony was excluded, and the ruling of the court is assigned as error.

The amount of separate interest owned by each spouse was a question of fact.   If, in fact, appellant did not own the amount of separate interest claimed by him, an agreement by his wife during coverture, that he should have such separate interest would not be valid.   In the

investigation the court allowed great latitude to appellant to show what property was in fact his separate estate, and he should not complain that the court refused to allow him to testify to a post-nuptial oral settlement with his wife.

3. The second assignment is, that the court erred in refusing to permit plaintiff to testify that he turned over to Mrs. Engleman the checks for her separate money received from her father's estate. This is immaterial in the present attitude of the case, as the judgment of the court finds all the lands embraced in this suit to be community property, except the separate interest decreed to appellant.

4. Under the fourth assignment, complaint is made that while appellant was on the stand as a witness, appellees' counsel asked him if he had not given a mortgage on some land in Missouri to the father of J. N. Deal, to which he answered that he had given such a mortgage; and then explained that during the war he had been required to give a bond that he would not feed rebels, and fearing that he would lose his land under this bond, he gave a mortgage on it to Mr. Deal in order to protect his land, but it did not represent a real debt; that the mortgage had been paid off and taken up. The financial condition of appellant had been put in issue, he was claiming that he owned considerable money and property when he left Missouri for Texas, which he claimed as his separate estate. It was shown that he sold his land there for about $4000, and paid to J. N. Deal about $3000 of it. While his explanation might, or might not have been satisfactory to the court and jury, we cannot say that the testimony was irrelevant. If unexplained, it was a fact which might tend to show that he was indebted. In any event, we cannot see that the testimony could have materially affected the verdict.

5. Under the fifth, sixth, seventh and eighth assignments of error as presented in appellant's brief, complaint is made of the admission of certain testimony tending to show certain amounts of money received by Engleman and wife from the estate of M. Coiner, deceased, the father of Mrs. Engleman.

It was not denied by appellant that Mrs. Engleman did receive considerable money from her father's estate, and he attempted to show that it was turned over to her and used by her. There was none of it found to be invested in any of the lands in controversy, and even if the admission of such testimony had been erroneous, it is shown to be harmless. The jury found all the property in controversy to be community estate, except a small amount found to be the separate property of appellant.

6. Appellant under another eighth assignment (as presented in his brief) complains of the following clause of the court's charge: "The husband may during marriage make a parol gift to his wife of money arising from money loaned belonging to the wife, and such property becomes separate property." This charge was correct and applicable to the facts proved. It had been shown by the testimony that the sep-

arate money of Mrs. Engleman was sometimes loaned to appellant, who gave his note payable to her with interest. There was other testimony tending to show that he intended for her to have as her separate estate the interest arising from the separate money loaned. While such interest would in law be community property, yet, the husband could give it to his wife as her separate estate. The pleading on the part of appellees that certain property was the wife's separate estate was sufficient to present this issue without an allegation as to how she required it.

7. The issues presented in the ninth and eleventh assignments of error are practically the same considered under the first assignment.

8. The fifteenth and twenty-fourth assignments of error complain that the court erred in its charge in construing the will of Mrs. Engleman, and in refusing the charge on that subject requested by appellant.

Mrs. Engleman, by the consent of her husband, had disposed of a large part of her separate estate before her death. In her will she disposed of the balance of her separate property in special bequests and also of her interest in the community estate of herself and John B. Engleman. The court charged the jury: "The jury are charged that the will of Mrs. J. B. Engleman is a valid will duly probated, and has the legal effect to convey the articles of property and money mentioned to the parties named in said will, if the same was her separate property, or if it was community property, and the same was devised and bequeathed away by Mrs. Engleman with the consent of J. B. Engleman, or was ratified by him. Said will has the further legal effect to convey to Maggie Deal and her children in equal rights all the interest which she had in the community property, both real and personal, on hand at her death."

The charge requested by appellants was: "The will of Mrs. Engleman only conveyed her interest, if any she had, in the community estate of herself and J. B. Engleman, and also had the effect to convey $750 of her separate money, and I charge you that if Mrs. Engleman owned any other separate property than that above named, then J. B. Engleman is entitled to one-third of such separate personal property."

The third charge asked by plaintiff was as follows: "The interest on separate property, that is on notes loaned by either party, is community property, except such money is loaned by wife to the husband."

The charge of the court properly instructed the jury that the legal effect of the will of Mrs. Engleman was to convey the articles of property and money to the parties therein named, if the same was her separate property. The only confusion which might grow out of the charge is in that portion which goes further and says, "or if it was community property and the same was devised and bequeathed away by Mrs. Engleman, with the consent of J. B. Engleman or was ratified by him." This portion of the charge was erroneous, but was in favor of appellant and against appellees. Mrs. Engleman had a right to will her half interest in the community estate, as well as her separate estate, whether her husband consented to or ratified it or not. The requested charge was

erroneous, and was properly refused, because it attempted to limit the effect of the will to a conveyance of $750 of her separate estate when other property was specifically bequeathed.

The third requested charge was also erroneous, in this: after stating the general rule that the interest on separate money is community property, it excepts only money loaned by the wife to the husband. Where the wife's separate money is loaned and by the consent of the husband the interest is allowed to accumulate as her separate property, as between the husband and wife, such accumulation may become her separate estate. In this case there was testimony tending to show that such money of the wife was loaned by her husband's consent and the interest set apart to her and fully recognized by appellant as her separate property. Under such issues the third requested charge would have been improper, especially in view of the fact that the court had already charged the jury clearly upon the subject.

9. Under the thirteenth and fourteenth assignments of error objection is made to the charge of the court given at defendant's request, that there is no proof in this case showing the law of Missouri, and to determine the rights of the parties under the general charge, under the law of Texas.

Appellant requested a special charge, as follows: "The evidence in this case establishes that the community system as defined in the charge does not prevail in Missouri, and as to such property owned and acquired in Missouri, you will apply the rule regulating community as defined in this charge." This was properly refused. In the first place, appellant's requested charge was confused and misleading. In the second place, the testimony upon the subject was not sufficient to establish clearly what the law of marital rights was in Missouri at the time Engleman and wife lived there. J. M. Pearson, Esq., testified that he had practiced law at one time in Missouri, that a married woman is entitled to her separate property but the common gains belong to the husband, that he does not know about rents, that he did not practice law there until 1873, and does not know what the law was from 1859 to 1869, at the time Engleman and wife lived there.

But even if the testimony should be considered as sufficient to establish that the income from the wife's separate estate was the property of the husband, which it certainly does not do, it does not show that he could not allow the wife to retain it as her own. The question becomes of little importance in this case, and if the court erred it was harmless, as the evidence shows that Mrs. Engleman had only received $689.63 from her father's estate before they left Missouri; the income on that was not separately shown; appellant had allowed her to use it and handle it as she desired for her own separate benefit, and no separate interest was decreed in favor of her heirs in the property in controversy.

10. It is contended under the eighteenth assignment that the verdict of the jury in response to the first special issue and the judgment

thereon, are against the evidence. Appellant presents no proposition under this assignment to show in what respect the verdict and judgment are against the evidence, and the assignment is too general to be considered under the rules. But we have carefully examined the testimony and find the verdict and judgment fully supported.

11. The nineteenth and twentieth assignments of error are to the effect, that the verdict and judgment in response to the seventh and tenth issues are erroneous, without intimating in what respect they are so. It has been repeatedly held that such assignments are in plain violation of the rules and cannot be considered.

12. The twenty-first assignment attacks that portion of the verdict of the jury which charges appellant with rents upon 600 acres of land from 1890 to 1893, inclusive. The testimony would have supported a much larger verdict for rents than was found by the jury. After the death of Mrs. Engleman the appellant had her will probated, took charge of all the property and assumed the burden of administering the community estate, rented out the property, collected the rents, sold property, paid debts, etc., etc. The verdict and judgment show a conservative and fair accounting.

We think, upon the whole case, that justice has been reached, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.