## WESTER v. STRICKLAND.

### No. 4492.

Court of Civil Appeals of Texas. Amarillo.
Oct. 28, 1935.

Rehearing Denied Nov. 25, 1935.

McWhorter & Howard, of Lubbock, for appellant.

Lockhart & Brown, of Lubbock, for appellee.

HALL, Chief Justice.

On January 12, 1928, J. K. Wester executed and delivered to appellee, Strickland, his note for $600, and secured the same by a deed of trust covering lots 4 and 5, in block 28, of the Overton addition to the town of Lubbock. Wester defaulted in the payment of the note, and Strickland filed suit January 1, 1931, to recover the amount of his debt and to foreclose the deed of trust. Judgment was rendered on the 20th day of February, 1931, in his favor.

On March 2, 1931, Wester conveyed lot 3, in block 28, of the Overton addition to his wife, the appellant herein. The deed recites a consideration of $15 cash and the execution and delivery of a promissory note for $200, secured by vendor's lien. The deed was recorded on the 6th day of March, 1931.

On the 7th day of April, thereafter, the sheriff of Lubbock county, as under execution, sold lots 4 and 5 to the appellee, Strickland.

J. K. Wester died intestate in July, 1934.

On October 17, 1934, Strickland filed this suit against Mattie L. Wester, to cancel the deed of conveyance, alleging that it was a fraudulent conveyance made for the purpose of hindering, delaying, and defrauding the creditors of J. K. Wester. Strickland further alleged that there was still due on his judgment against J. K. Wester the sum of $451.18; that J. K. Wester died intestate, and left as his sole survivor his wife, Mattie L. Wester. It is further alleged that the recited consideration was not paid, and that the note recited as a part of the consideration was never executed, never paid, or intended to be paid.

On October 3, 1934, Strickland filed his abstract of judgment, which was duly recorded.

Mrs. Wester answered by general demurrer, general denial, and alleged specially that she purchased the property in controversy with her own separate earnings and funds; that she had no notice of any claim to the property by the plaintiff; and prayed for general and special relief.

It was shown that during the lifetime of J. K. Wester, he taught school for forty years; that he and the defendant had been married forty-eight years; that she taught school for twenty-seven years, and was teaching at the time of the trial; that during the lifetime of Wester, he and his wife had separate bank accounts, kept their funds and properties separate, and had been so doing for twenty-seven years. She testified that she knew nothing of Strickland's debt against her husband; that she and her husband had an agreement of twenty-seven years' standing that the money she earned would be her separate property, and it was so treated.

It appears that the court probably directed a verdict with the idea that the lot in question was a part of the community estate of the defendant and her deceased husband.

The deed by which Wester conveyed the property to his wife does not recite that it is her separate property, or paid for with her separate funds.

Mrs. Wester's claim to the property is based solely upon the theory that she purchased the lot from her husband and paid for it out of her separate funds and estate.

There is no testimony contradicting Mrs. Wester's statement that by agreement with her husband, made twenty-seven years before, her personal earnings were to be her separate property. It was shown that her earnings were deposited in the bank to her separate account. It is provided by Revised Statutes, art. 4622: "Funds on deposit in any bank or banking institution, whether in the name of the husband or wife, shall be presumed to be the separate property of the party in whose name they stand, regardless of who made the deposit, and unless said bank or banking institution is notified to the contrary, it shall be governed accordingly in honoring checks and orders against such account."

Mrs. Wester further testified that at the time she acquired the lot she paid her husband $15 cash, and gave him a promissory note for $200, which she has since paid.

The rule is that when a creditor attacks a conveyance of this character, made for a valuable consideration, the burden of showing the debtor's insolvency at the time of the conveyance is on the creditor. Sherrod v. City National Bank (Tex.Civ. App.) 294 S.W. 295; Snodgrass v. Brownfield State Bank (Tex.Civ.App.) 251 S.W. 567; McWhorter v. Langley (Tex.Civ. App.) 220 S.W. 364; Allen v. Crutcher (Tex.Civ.App.) 216 S.W. 236.

A detailed discussion of the several propositions would require us to enter into a review of all the testimony and express an opinion with reference to its weight. In view of another trial, this would be improper. We think the testimony was sufficient to have required the court to submit the issues to the jury. Plaintiff did not prove his case with that degree of certainty which warranted the court in drecting a verdict.

For the reasons stated, the judgment is reversed, and the cause is remanded.