## W. A. STRICKLAND v. MATTIE L. WESTER.

No. 7039.   Decided February 2, 1938.
(112 S. W., 2d Series, 1047.)

*Lockhart & Brown,* of Lubbock for plaintiff in error.

The personal earnings of either spouse during marriage is community property, and real estate purchased with such personal earnings becomes community property, regardless of spouse in whose name the title is taken, and such real estate is liable under execution for the community debts. 23 Tex. Jur., pp. 96, 104, 117; Pevehouse v. Lubbock Natl. Bank, 79 S. W. (2d) 1107; Maddox v. Summerlin, 92 Texas 483, 50 S. W. 567.

*McWhorter & Howard,* of Lubbock, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court W. A. Strickland was plaintiff and Mrs. Mattie L. Wester was defendant. They will be so designated here. Plaintiff sued defendant for the cancellation of a deed executed by J. K. Wester during his lifetime conveying to the defendant, his wife, Lot No. 3, Block 28, of the Overton Addition to the City of Lubbock, and for a foreclosure of a claimed judgment lien thereon. The trial court peremptorily instructed the jury to return a verdict in favor of plaintiff as prayed for, and upon the verdict returned in accordance with the instruction, rendered judgment cancelling the deed and foreclosing the lien. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 87 S. W. (2d) 765.

On January 27, 1931, plaintiff filed suit against J. K. Wester in the district court of Lubbock County upon a promissory note for the principal sum of $600.00 and for the foreclosure

of a deed of trust lien upon Lots 4 and 5, Block 28, Overton Addition to the City of Lubbock. On the 10th day of February, 1931, judgment was rendered in favor of the plaintiff against Mr. Wester for the principal, interest and attorney's fees on the note and a foreclosure of the deed of trust lien. An order of sale was issued on that judgment on March 4, 1931, and executed on April 7, 1931, the lots being struck off to the plaintiff on his bid of $300.00. On March 2, 1931, two days before the order of sale was issued, Wester conveyed Lot No. 3, Block 28, Overton Addition to the town of Lubbock to his wife, Mrs. Mattie L. Wester, defendant herein, and the deed was filed for record four days later. Mr. Wester died in July, 1934, and thereafter, in October, 1934, plaintiff filed with the county clerk of Lubbock County an abstract of his deficiency judgment against J. K. Wester, who had at that time been dead for more than two months. The abstract of judgment was properly indexed and recorded. The suit was to cancel the deed from Mr. Wester to his wife and to foreclose the alleged lien.

1 According to the testimony of Mrs. Wester she purchased this lot from her husband with money which she earned as a school teacher. She had been teaching 27 years at the date of trial and many years ago she and her husband, who was also a teacher during his lifetime, entered into an agreement that her personal earnings should be her separate property. That agreement was not valid, for the community property law can not be changed by contract. Her personal earnings were not subject to the payment of debts contracted by her husband, Article 4616, R. S., but they constituted a part of the community estate. Arnold v. Leonard, 114 Texas 535, 273 S. W. 799; Hawkins v. Britton State Bank, 52 S. W. (2d) 243; In re Gutierrez, 33 Fed. (2d) 987. A careful consideration of the question has led to the conclusion that when such earnings are converted into other property, that property is subject to the payment of debts contracted by the husband the same as any other community property.

2 As we understand the opinion of the Court of Civil Appeals that court held, not that the lot became the separate property of Mrs. Wester because purchased with her personal earnings, but that the evidence raised an issue of fact as to a gift by Mr. Wester to her of her earnings with which she purchased it. The general agreement that her personal earnings should become her separate property did not operate as a gift to her of the particular funds with which it is claimed this lot was

purchased, but from a consideration of the subsequent dealings between the parties we are unable to say that the Court of Civil Appeals erred in holding that an issue of fact was raised as to a gift. The evidence of gift is far from being convincing, but we cannot say that there is no evidence from which that fact could be reasonably inferred. She kept her earnings in a separate bank account and dealt with them, with her husband's knowledge and consent, as if they were her own. The intention to give may be shown by circumstances. Teague v. Fairchild, (Com. App.) 15 S. W. (2d) 585; Sorenson v. City National Bank, 121 Texas 478, 49 S. W. (2d) 718; 23 Tex. Jur., pp. 73 et seq. If this money was given to Mrs. Wester, the evidence clearly raised an issue of fact as to whether the conveyance to her was fraudulent.

3   The record suggests some fundamental questions. The suit was filed within two or three months after Mr. Wester's death. The petition alleges that he died intestate, but no allegation is made with reference to whether an administrator had been appointed or whether there was any necessity for one. The proof does not disclose whether or not he left a will, whether an administrator had been appointed, or whether there were other debts than this against the estate. Defendant filed a plea in abatement alleging that no legal representative of Wester's estate had been made a party to the suit and an order was entered overruling the plea, but the order did not find as a fact that no administration was pending. It merely recited that the court was of the opinion that there was no necessity as a matter of law for the making of new parties. Obviously a question as to the jurisdiction of the district court is presented. We need not pass upon that question for the record will doubtless be more complete upon another trial, but we do hold that, if the estate had a legal representative, he was an essential party.

4   If we should presume that Mr. Wester died intestate, that no administration had been sued out on his estate and none was necessary, there would still exist a want of necessary parties. It developed upon the trial that he left four adult children surviving. We find nothing in the record disclosing when or how he acquired this lot and therefore do not know whether it was his separate estate or the community estate of himself and the defendant at the time he conveyed it to her. The extent of the children's interest, in the event of a cancellation, is not made clear by the record, but the fact that they would have an interest is made certain. No effective decree of cancellation

can be entered in a proceeding to which they are not parties. As owners of interests in the lot they would be affected· by the decree of cancellation. Neither would they be bound by any judgment foreclosing a lien upon their property, and in so far as this decree establishes and forecloses a lien against their interests in the property it is void.

By what has been written above we do not mean to intimate or impliedly hold that any lien was created against this lot by the recordation of the abstract of judgment. The record discloses that it was filed, recorded and indexed after the death of Mr. Wester and long after the deed was executed by him conveying this property to his wife. We are not called upon to discuss this question for it is not raised by assignment and is not a matter of fundamental error, but mention it only to negative any implied holding with reference thereto.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 2, 1938.