## ROBBINS v. ROBBINS.

### No. 13864.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 17, 1939.

Rehearing Denied March 10, 1939.

Oscar Reed, of Fort Worth, for plaintiff in error.

Homer Baughman and Martin, Moore & Brewster, all of Fort Worth, for defendant in error.

SPEER, Justice.

Mrs. Myrtle Robbins instituted this suit against her husband, Evins Robbins, for divorce and to recover certain real and personal property, to have the title thereto quieted and also to recover of defendant an undivided one-half or community interest in certain barber and beauty shop tools, furniture, fixtures and appliances.

A cross action for divorce was filed by Evins Robbins, the husband, and to establish his alleged community interest in the property claimed by his wife as her separate estate. The wife recovered judgment and the husband has appealed by writ of error to this court. For convenience we shall refer to Mrs. Robbins as plaintiff and to Mr. Robbins as defendant.

The plaintiff alleged all necessary jurisdictional matters and grounds for divorce. No complaint is made by defendant of these pleadings, and it is unnecessary to set them out. She further alleged that at the time she married defendant, she owned certain houses and lots in Fort Worth, Texas, vacant lots in Harris County, furniture and fixtures in a twenty-three room boarding house in North Fort Worth, and approximately $1,000 in money. Allegations were made that defendant was a barber by trade and that on June 4, 1926, after their marriage in March of that year, the defendant was desirous of purchasing a barber shop, and that the parties entered into an oral agreement, by which, if plaintiff would loan defendant $1,000 with which to make the initial payment on the barber shop, he would repay the loan and would agree for plaintiff to have, keep and always retain in her own

separate right all rents and revenues from her separate property, as well also all proceeds derived from her labors in operating the boarding house and any other profits she should earn from all sources thereafter, and that she should keep her bank deposits separate from his, for use exclusively by her for investments as she should see fit to make. That she made the loan to the defendant and thereafter, "with the knowledge, consent, direction and acquiescence of the defendant, and in carrying out such agreement between herself and the defendant, she has kept her income from the hotel business conducted by her and the rents, revenues and income from her separate property, and from the property acquired by her from time to time, * * * separate and apart from the community funds, and has with the knowledge, consent, acquiescence and at the direction of defendant deposited her said funds in her own name in a separate bank account as her separate property. * * * That with full knowledge of all the facts defendant did not thereafter make any protest or attempt to interfere with the plaintiff in the operation of her business and in the collection of the income, rents and revenues from her said property as acquired by her as aforesaid, but on the other hand agreed to and assisted her in maintaining her account in her own name and as her separate funds, and with full knowledge and consent acquiesced in and assisted her in purchasing property, * * in her own name and as her own separate property, and in the use of said funds as her own separate property, and had full knowledge, and gave full consent to her making payments on said property so purchased by her from time to time as her separate property out of her separate funds so maintained in her own separate account and in her own name as such."

The petition further shows that since the marriage of the parties, plaintiff has purchased with funds accumulated by her from rents and revenues, and proceeds of her labors, certain real estate, and made valuable improvements thereon, which property is really the bone of contention here. Plaintiff's allegations relating thereto read: "Plaintiff shows that she has purchased with her own separate funds since her marriage to defendant, and in her own name, as her separate property, with the full knowledge, consent, acquiescence and assistance of the defendant herein, and now owns in fee simple as her

own separate property the following described real estate and personal property."

Following the foregoing allegations there are enumerated sixteen lots and tracts of land, designated interests in mineral rights to three tracts and all furniture and fixtures, purchased, repaired and replaced in the rooming house operated by her.

It is further disclosed by the petition that defendant did not repay the $1,000 loan, and that plaintiff had further advanced to him approximately $575 out of her separate funds, with which to equip a beauty parlor in connection with the barber shop. Allegations are made that defendant has purchased and paid for, with community funds, said barber. shop, beauty parlor and a Studebaker automobile, all of considerable value, and that she is entitled to repayment of her loans and an undivided one-half community interest in each the barber shop, beauty parlor and automobile.

She prayed for divorce, that the title to and possession of her separate property be quieted and vested in her; that her community interest in the barber shop and beauty parlor be established and the property ordered sold and divided in such way as the court should determine their interests appeared, for attorney's fees, alleged to be in the sum of $1,000, and costs of suit.

Defendant answered by general demurrer, general denial and by special pleas, denying the grounds for divorce alleged by plaintiff. He filed a cross action against plaintiff for divorce, and specially denied the claims of plaintiff to all the property alleged by her to have been owned by her at the time of marriage, and alleged all other property described in plaintiff's petition belonged to the community, and was purchased by them from proceeds of their respective efforts, labors, skill and energy, along with the proceeds as rentals and revenues from plaintiff's separate property, all of the reasonable value of $50,000, and capable of producing rentals and revenues in the sum of $750 per month.

Prayer in the cross action was that plaintiff be denied a recovery as prayed for by her, and that he be granted divorce, and an equal division of all property described in the pleadings of both parties, aside from that part admittedly owned by plaintiff at the time of marriage, for a reasonable attorney's fee of $1,500, and, for costs of suit.

A jury trial was had and a verdict rendered in response to 29 special issues submitted by the court. In the first 28 special issues, all points of controversy alleged by plaintiff were presented and answered in favor of her contentions. The twenty-ninth issue as submitted and answered found that defendant's alleged grounds for divorce in his cross action did not exist. No objections or exceptions were taken to the issues submitted by the court, and no requested issues were submitted by either party, in addition to those prepared by the court. The jury verdict was returned on October 26, 1937, and the court entered judgment for plaintiff on the 27th day of October, 1937. On October 28, 1937, defendant filed a formal motion to set aside the verdict for the reason it was not supported by but was contrary to both the evidence and law. No action is shown to have been taken on the motion and on the same day the motion was filed, defendant filed a motion for judgment non obstante veredicto. On November 20, 1937, defendant filed what he denominated his first amended motion for new trial, but no original motion for new trial is shown in the record. The motion to set aside the verdict of the jury was no doubt treated as such motion. In any event the amended motion came too late and was properly overruled by the court, on December 11, 1937. Exception was taken to the court's action in overruling the motion for new trial and notice of appeal given.

On April 21, 1938, the court entered a nunc pro tunc order as of December 1, 1937, overruling defendant's motion for judgment notwithstanding the verdict.

An appeal was perfected to this court from the order overruling the motion for new trial, but was subsequently dismissed by this court at the request of defendant, and thereafter, within the statutory time, defendant perfected this appeal by writ of error. In this way the cause is before us for consideration of fundamental errors.

Because of the view we take of this appeal, it is only necessary to state briefly the nature of the judgment entered. It was decreed that plaintiff take all real and personal property owned by her prior to marriage with defendant. She also received all real estate described in the pleadings as being owned by her before marriage and that purchased after marriage from funds earned by her and from rents and revenues therefrom, shown to have been acquired by instruments, which, on their faces, conveyed the title to plaintiff and limited it to her separate use and benefit. She was also awarded judgment against plaintiff for $1,000, as attorney's fees. Further, it was found that the barber shop and beauty parlor and an equity in an automobile were community property. A receiver was appointed to take charge of the community property and to sell and divide the proceeds under the orders of the court. The receiver was directed to sell the barber shop and beauty parlor and to deliver plaintiff one-half of the proceeds, and from the remaining half pay the court costs including the $1,000 allowed as attorney's fees to plaintiff, and the remainder of that half to be delivered to defendant. That defendant had an equity of $350 in the automobile in his possession and the remainder belonged to the community; the receiver was directed to sell the automobile to the best advantage, and so divide the proceeds; but that if the automobile could not be sold for more than $350 above any sums that may be owing against it, then he should execute a bill of sale to defendant thereto, upon payment by defendant of necessary expenses incurred in an effort to sell.

As shown above, the motion for new trial was filed too late to be effective as such, and therefore could not form the basis for assignments of error. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270. The defendant does not rely upon that motion for his assignments of error, but upon alleged fundamental errors disclosed by the record; these are to be determined by an inspection of the pleadings, rulings of the court, the verdict, judgment, subsequent motions and rulings thereon. 3 Tex.Jur., p. 815, sect. 572.

The first five propositions presented in defendant's brief challenge the sufficiency of the pleadings of plaintiff to sustain the judgment entered. By these propositions he claims the judgment was not based upon the pleadings, in that: (a) Plaintiff had plead that she and her husband entered into an agreement shortly after their marriage, by which she was to keep and retain as her separate property her personal earnings, as well also the rents and revenues from her separate property, while the real estate and personal property here in dispute were the proceeds of such funds

and were not acquired by either gift, devise or descent; (b) such an agreement between the parties, by which either should have their future earnings, was void and unenforcible.

As we construe plaintiff's pleadings, we think the propositions of defendant are not warranted, as framed, since the pleadings contain much more than indicated. Plaintiff did not base her right of recovery solely upon the oral agreement made shortly after marriage, but upon that agreement and subsequent acts of defendant, in consenting, acquiescing and directing the segregation of those funds from those belonging to the community, as well also in assisting defendant to purchase property with said funds and assenting to her taking title thereto in her own name and for her separate use and benefit.

■ It is so fundamentally true that a judgment must conform to the pleadings, that it is not deemed necessary to cite authorities to sustain the statement. It is statutory, and constructions by the courts have only emphasized its importance. Vernon's Ann.Civ.St. art. 2211.

■ The rule is well settled in this state that an agreement between a husband and wife to the effect that the future earnings of either or both shall become the separate property of the one so earning them, is not valid, since the community property law of this state cannot be changed by contract. Strickland v. Wester, Tex.Com.App., 112 S.W.2d 1047; Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512; Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090; Davis v. Davis, Tex.Civ.App., 108 S.W.2d 681. It is also well settled by our courts that rents from the wife's separate lands become community property. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799. These and similar authorities are the ones relied upon by defendant. It is indisputably true that the property in controversy here was acquired by the wife while married to the defendant, from funds earned by her and from revenue arising from rentals of her separate property owned before marriage, as well as from the real estate in dispute.

■ We shall first note the claim of defendant that the judgment does not conform to the pleadings, that is, that there were no pleadings of plaintiff upon which to base a judgment awarding her title to the property purchased by her from her earnings and rentals. In the statement made by us of the nature of the pleadings, we quoted from plaintiff's petition, wherein she alleged in connection with each piece of property sought to be recovered, that it was her separate property, and that it was purchased with funds earned by her and from rentals from her separate property. That pursuant to the agreement between the parties after marriage, the defendant had, with full knowledge of the facts, consented, acquiesced in and directed plaintiff to deposit said funds as they accumulated from time to time in her own name as her separate property. That defendant had, at the times such deposits were made, assisted her in so keeping her account separate, and that with said funds, the defendant had consented, acquiesced and assisted plaintiff in purchasing property in her own separate right and name, and had consented and assisted her in purchasing real and personal property with said funds in her own separate name, and that the property so purchased became her separate estate. These allegations were repeated several times in substance and while we do not attempt to quote each allegation, they are substantially as stated.

The several expressions found in plaintiff's petition, wherein she alleges that property is and was her separate property, and that she purchased the real estate as her separate property, may be said to be subject to exception because they were conclusions of law or at most conclusions mixed with law and fact, yet no exceptions were urged against them. Plaintiff, however, was not dependent upon these questionable allegations, for, as we have seen, she alleged that defendant aided, directed and assisted her in keeping the earnings and rentals separate and apart from the general funds, that he acquiesced in it all; that he aided, assisted and acquiesced in her expending the funds in the purchase of property taken in her own name and separate right. This was equivalent to allegations that defendant had, from time to time, made gifts of his community interest to her. Again, if the petition had only stated that he did give to her his interest in such funds and the property purchased with them, such an expression would have been open to the objection that it was a conclusion. It is not every pleading that contains a conclusion that is objectionable, if it goes farther and states facts which, if true, would make the "conclusion" a proper

and legal deduction. 33 Tex.Jur., pp. 431, 432, 433, sects. 19 and 20.

Defendant cites, in support of his contentions, that the allegations will not support the judgment, Bray v. Bray, Tex.Civ. App., 1 S.W.2d 525. In that case, plaintiff plead that the property in controversy was community between her and her husband, while the judgment awarded it to her as her separate property. The court properly held, we think, that the judgment was not supported by the pleadings. No such variance appears in the case before us. He also relies upon City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221. There, a suit was filed by Cities Service Oil Company against the City of Fort Worth and Gause, in which it was claimed plaintiff had rented premises from Gause and that the City of Fort Worth was claiming ownership of the property and demanded payment of rentals to it. The plaintiff sought to have the court determine to whom the rentals should be paid, and tendered into court the amount due. The City claimed title to the property as did also the defendant Gause. A default judgment was rendered in favor of the City of Fort Worth, for the title to the rented premises and for the rentals thereof as against Gause. There were no pleadings by the City of Fort Worth in cross action against Gause for title ·to the lots, but only for the rentals. Clearly, it was improper to award the title to the City when there were no pleadings to support such a judgment. The holding is not applicable to the case at bar, under the pleadings mentioned by us.

Where the rights of third parties are not involved, and in a controversy between persons, each of whom claims title to lands, it was held in Engleman v. Deal, 14 Tex.Civ.App. 1, 37 S.W. 652, page 653, that a pleading upon the part of one that certain property was the wife's separate estate was sufficient to present that issue without an allegation as to how she acquired it. The Supreme Court refused a writ of error in that case.

In Strickland v. Wester, Tex.Com.App., 112 S.W.2d 1047, suit was filed to cancel a deed executed by a husband during his lifetime to his wife, and to foreclose a judgment lien claimed by plaintiff against the property. The conveyance was made to the wife in consideration of payment made from funds earned by the wife during her marriage to the grantor, under a mutual agreement that such funds should become her separate property. The court held that an agreement between the husband and wife that the future earning of each should become the separate property of the one who earned them, was invalid, yet when such future earnings were converted by that one into other property, it raised the issue of a gift by the other spouse to the one who earned and claimed the fund. In this connection the court said, at page 1048: "The general agreement that her [grantee in that case] personal earnings should become her separate property did not operate as a gift to her of the particular funds with which it is claimed this lot was purchased, but from a consideration of the subsequent dealing between the parties, we are unable to say that the Court of Civil Appeals erred in holding that an issue of fact was raised as to a gift. The evidence of gift is far from being convincing, but we cannot say that there is no evidence from which that fact could be reasonably inferred. She kept her earnings in a separate bank account and dealt with them, with her husband's knowledge and consent, as if they were her own. The intention to give may be shown by circumstances. Teague v. Fairchild, Tex.Com.App., 15 S. W.2d 585; Sorenson v. City Natl. Bank, 121 Tex. 478, 49 S.W.2d 718; 23 Tex. Jur., pp. 73 et seq."

In response to issues the jury found that defendant gave to plaintiff all her future earnings and the rents and revenues from property owned by her before marriage, as well as that to be purchased by her; that plaintiff kept all said funds in a separate bank account to her credit, with the full knowledge, consent and acquiescence of defendant; that all the real estate involved here was purchased by plaintiff with funds received by her from her labors and from rents and revenues from her separate property and that subsequently purchased by her, and that it was deeded to her as her separate property, with the knowledge, consent and acquiescence of her husband; that the property was deeded to plaintiff as her separate property, with the intention on the part of defendant (her husband) that said property should be her separate property, as that term' was defined in the court's charge.

Applicable to each piece of property involved here, the court submitted special issues in this language:

"Do you find from a preponderance of the evidence that the property described in the preceding issue was deeded to plaintiff, Myrtle Robbins, as her separate property, with the knowledge, consent and acquiescence of the defendant?" Answered: "Yes."

"Do you find from a preponderance of the evidence that the said property was deeded to plaintiff, Myrtle Robbins, as her separate property, with the intention on the part of defendant that said property should be her separate property, as that term has been defined?" Answered: "Yes."

It cannot be doubted that where the interests of third parties are not involved, a husband may give to the wife any or all of his separate property or his interest in the community. We do not mean to be understood as saying that he may make such a gift of property that is not in being, but after it has been acquired, we are not aware of any rule of law that forbids such a gift. His consenting and acquiescing in her claim to funds theretofore brought into the community, and its use in purchasing real estate by her, and taking title in her own name, limiting it to her use and benefit, are very strong and convincing circumstances that he, by those acts, intended to make a gift to her of his interest therein. Cauble v. Beaver-Electra Ref. Co., 115 Tex. 1, 274 S.W. 120; Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870; Texarkana Nat. Bank v. Hall, Tex.Civ.App., 30 S.W. 73, writ denied; Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512. We think the pleadings of the plaintiff were sufficient to support the judgment of the court in holding that the lands so purchased were the separate property of the wife.

Defendant's sixth proposition is based upon the court's failure to render judgment in his favor, notwithstanding the verdict. This contention is based upon the theory that since the property in controversy was acquired during marriage, from funds earned by the wife and from rents from her separate property, and that of the community, he was entitled to recover his community interest therein, and the court should have so instructed the jury.

Defendant's contention is that, under the terms of our State Constitution, Art. 16, § 15, Vernon's Ann.St., which provides that all property owned by the wife before marriage and that acquired afterwards by gift, devise, or descent, shall be her separate property, precludes her claim of ownership, as made in this case. It cannot be denied that the constitution prescribes what shall be her separate property, in the language above stated; yet the very provision of the Constitution relied upon specifically provides that she may acquire separate property by gift. The authorities cited and many more hold that the husband may make gifts of his property to his wife. Not by virtue of the agreement made before the property was acquired, but afterwards. The knowledge, acquiescence, consent and direction of defendant in the keeping of said funds separate and apart from the community property, and its subsequent investment in real estate, furniture and the like, taken in the wife's name and limited to her separate use, raises a very pertinent issue of fact as to the intentions of the parties. It is also true that real estate purchased during marriage is presumptively community property, but this presumption may be overcome by recitations in the conveyance that the consideration was paid out of the separate property of the wife, and by a limitation therein, to the effect that the title vests in the wife as her separate property. Such instruments made with the husband's knowledge, consent, acquiescence and direction, evidence a gift on his part to her of any interest he has therein. Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870; Laufer v. Powell, 30 Tex.Civ.App. 604, 71 S.W. 549, writ denied. In such situation, under these facts, the court was not warranted in giving a summary instruction for defendant, but should have submitted the issues so raised to the jury. This was done and the answers were unfavorable to defendant.

There is yet another reason why the court did not err in overruling defendant's motion for judgment non obstante veredicto. The motion was filed after judgment had been entered by the court. Only one final judgment can be entered. Vernon's Ann.Civ.St. art. 2211. Before the court could sustain the motion for judgment notwithstanding the verdict, it would have been necessary to set aside the judgment already entered, and no request or motion was made by defendant to have this done. The order of the court overruling the motion for judgment non obstante veredicto makes no explanation

of why it was entered, but it is fair to assume that it was because the motion came too late, after a judgment had been entered and had not been set aside. For both reasons mentioned by us, we think there was no error shown.

▆▆▆ Defendant's seventh proposition is not briefed and it becomes unnecessary for us to discuss it. By his eighth proposition he insists that there is fundamental error shown in the action of the court in allowing plaintiff to recover attorney's fees for $1,000 against defendant, in that: (a) The amount is excessive, unreasonable and inequitable. (b) Because the court abused his discretion in allowing a fee in that amount when the value of the property in controversy was shown to be even less than the fee allowed. And (c) because the reasonableness of the amount was only shown by the uncorroborated testimony of one of the attorneys whose interest was involved.

▆▆▆ We cannot agree with defendant's contention here urged. The amount of attorney's fees to be allowed in such cases as this must be controlled by facts shown to exist, and these facts, of course, are to be established by the evidence. We cannot be required, under any rule of procedure known to us, to scrutinize a statement of facts, which in this case contains about 650 pages, to ascertain whether or not the evidence supports the judgment entered. Nor may we determine the ratio the fee bears to the value of the estate in controversy under such conditions. We are confronted alone with alleged fundamental errors which must be discovered, if at all, by the record to which we have referred. It is also urged that the reasonableness of the fee allowed was only testified to by one of the attorneys who was interested in its allowance; this also raises the question of the sufficiency of the evidence to support the verdict and judgment, and may not be determined by us when only fundamental error is claimed.

▆▆▆ It is obvious that this appeal was involved in the amount of work done representing plaintiff's interests. The value of property owned by plaintiff at the time of marriage is not shown, but by defendant's petition it does appear that two tracts or lots were owned by her at that time and all tracts and personal property involved were of the reasonable value of $50,000, and capable of producing $750 per month in rentals. It is further disclosed by defendant's pleadings that he also asked in his cross action for an attorney's fee of $1,500 against plaintiff as a reasonable amount for the services to be rendered by his attorney. That part of defendant's attorney's testimony, even though he was an interested party, raised an issue of fact, and it was submitted to the jury in a special issue and found by the verdict that $1,000 was a reasonable amount. We can see no abuse of discretion by the trial court in the allowance of the attorney's fee. We do not think it unreasonable or inequitable.

▆▆▆ It has been many times held that the wife may recover reasonable attorney's fees against her husband when she prosecutes or defends her divorce action in good faith based upon justifiable grounds. The verdict of the jury shows these conditions to exist in plaintiff's suit before us. McClelland v. McClelland, Tex.Civ. App., 37 S.W. 350, writ dismissed; Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698; Hemman v. Hemman, Tex.Civ.App., 251 S.W. 313; Hughes v. Hughes, Tex. Civ.App., 259 S.W. 180, writ dismissed; Howard v. La Coste, Tex.Civ.App., 270 S.W. 181, writ dismissed; Jeter v. Jeter, Tex.Civ.App., 281 S.W. 598.

▆▆▆ By his brief, defendant points out that the trial court improperly taxed as court costs the attorneys' fees allowed to plaintiff. The wording of the judgment is fairly susceptible to this construction. If it was intended by the judgment entered that the attorneys' fees should be taxed as costs and the bondsmen held liable for payment, then such an order is not authorized under the law. The recovery of attorneys' fees by plaintiff is in the nature of a claim for necessaries for which the husband is liable, but that item cannot properly be classed as court costs. McClelland v. McClelland, Tex. Civ.App., 37 S.W. 350, writ dismissed; Jeter v. Jeter, Tex.Civ.App., 281 S.W. 598; Rogers v. Rogers, Tex.Civ.App., 70 S.W. 2d 211.

The judgment of the trial court is hereby reformed, so that the attorneys' fees shall not be taxed nor collected as court costs, but shall remain a judgment in favor of plaintiff against defendant, in the sum and manner decreed by the court, except insofar as that item is deemed court costs.

We see no other error in the judgment of the trial court, and, as reformed by us, the judgment is in all things affirmed.

The costs of this appeal will be taxed equally against plaintiff and defendant.