Maurice J. TOBIN, Secretary of Labor,
Plaintiff,

v.

LAREDO MANUFACTURING COMPANY, a Corporation, Defendant.

Civ. A. No. 579.

United States District Court
S. D. Texas, Laredo Division.

March 2, 1953.

Wm. S. Tyson, Sol., U. S. Dept. of Labor, Washington, D. C., Earl Street, Regional Atty., Harry Campbell, Jr., Asst. Regional Atty., Dallas, Tex., for plaintiff.

W. W. Allen, Raymond J. Goodman, Laredo, Tex., for defendant.

ALLRED, District Judge.

Action by the Secretary of Labor, under 29 U.S.C.A. § 216(c), in behalf of 8 employees claiming unpaid minimum wages under sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207. Practically all the facts were stipulated on pre-trial, which is here adopted, by reference, as a part of the court's findings of fact. The only material dispute is as to whether the named employees worked more than the time for which they were paid and, if so, how much.

Seven of the eight employees testified [1] on direct examination that they worked from 40 to 44 hours per week during the periods in question but that, acting upon

1. The whereabouts of Zaragoza Ibarra, the eighth, was unknown and dismissal as to her claim was granted.

the instructions of Rebecca Hernandez (defendant's forelady in charge), they punched time cards for lesser periods shown by defendant's records of payments; or that Rebecca punched the cards for the witness. Based upon this general testimony and defendant's records, the Government introduced in evidence (for the assistance of the court) tables showing, as to each witness, the amount and hours for which she was paid, the hours actually worked and the additional wages due upon the minimum basis of 75¢ per hour. (Exhibits P.1, P.4, P.7, P.8, P.10, P.11 and P.12).

On cross examination each witness admitted that the tables did not take into account holidays or admitted occasional absences by reason of illness, trips out of town or lack of work. Upon being confronted with these omissions, each witness was unable to give an estimate of the hours worked during a particular week or during the whole period of her employment. Defendant's counsel insists, therefore, that the testimony amounts to no more than a guess or conjecture, entitled to no weight in the face of defendant's records; and that the court cannot draw any reasonable inference from such evidence.[2] But, taking into account the fact that all the witnesses were of Latin extraction, with little or no education, testifying for the most part through an interpreter, I am not surprised at their inability or unwillingness to give an estimate as to a particular week or month. Their manner and demeanor in testifying convinced me, however, that, on the whole, they were telling the truth; that, generally, during the period of their employment, they worked 8 hours a day, 5 days a week; and that they punched their time cards, or allowed them to be punched, showing the lesser periods shown on defendant's records, upon instructions of Rebecca Hernandez, defendant's supervisor. I am not convinced, however, that any of the employees worked to any appreciable extent on Saturdays.

Plaintiff has the burden of proving by a preponderance of the evidence that the employees performed work for which they were not properly compensated; and the amount and extent of that work. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Handler v. Thrasher, 10 Cir., 191 F.2d 120 and other cases. I hold that plaintiff has discharged that burden; and, under the same cases, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed, or with evidence to negative the reasonableness of the inference to be drawn from the employees' evidence. While defendant has pointed to certain inconsistencies and other factors, not necessary to set out here, I further hold that this shifted burden has not been discharged.

Defendant argues that its burden has been met by the bringing in of its records. This would be true if the records were true. I do not believe they are true for the following, among other reasons: (1) I believe plaintiff's witnesses rather than Rebecca Hernandez; (2) defendant entered a nolo contendere plea in this court on September 10, 1951, in Cr. 13,-527, on a charge of failing to keep adequate records and failing to pay minimum wages to a number of employees, including four involved in this action; and (3) the fact that immediately after a visit to defendant's plant on July 25, 1950, by a representative of the International Garment Workers Union, defendant's records show far more full 8 hour days worked by most of the employees than immediately before the visit, or later after the representative departed.

Recognizing that credit was not given in the tables introduced (P. 1, 4, 7, 8, 10, 11 and 12), for holidays, illness and occasional absences, plaintiff's counsel has attached new tables to their brief, purportedly giving credit for these items. I am not willing to accept these figures, but feel that the original claims (tables)

2. Cf. Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172; Mornford v. Andrews, 5 Cir., 151 F.2d 511.

should be reduced 25% as to each employee, after first eliminating all claims for work on Saturday shown on the tables. This, I think, fairly approximates the hours and periods worked by each witness for which she was not paid.

■ Defendant contends that plaintiff is estopped to bring this action because of the employees' failure properly to record their time, thereby actively concealing the facts from the employer. Under the findings made above, I do not believe any element of estoppel has been shown. The cases cited by defendant are distinguishable.

Defendant next contends that the employees' written request for the Secretary of Labor to bring this action [3] does not comply with Section 16(c) of the Fair Labor Standards Act, because (a) it is not addressed to the Secretary of Labor but to the regional attorney; and (b) it does not request that the action be filed against defendant but against Louis Nitichin, defendant's general manager. Section 16(c), 29 U.S.C.A. § 216(c) first authorizes the Secretary to *supervise* payment of unpaid minimum wages and then reads:

"*  *  * When a written request is *filed* by any employee with the Administrator [4] *claiming* unpaid minimum wages or unpaid overtime compensation *  *  * the Administrator may bring an action in any court of competent jurisdiction to recover the amount of such claim: Provided, That this authority to sue shall not be used by the Administrator in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court

shall have jurisdiction over such action or proceeding *  *  * if it does involve any issue of law not so finally settled. *  *  *" (Emphasis supplied.)

■■ The statute does not provide for the *form* of notice or the *manner* of filing. It is a remedial statute, entitled to a liberal, not a narrow or technical, construction. The letter is addressed to the regional attorney "U. S. Dept. of Labor." It identifies the signers as "workers for the Laredo Manufacturing Co." and requests that "you file suit against Mr. Louis Nitichin," defendant's general manager, "for minimum wages and overtime compensation due us *und* the Fair Labor Standards Act of 1938." The letter shows on its face that liability for the unpaid wages would have to be asserted against defendant, and not against its general manager personally; and that these uneducated employees were laboring under an erroneous idea either that the general manager was personally liable, or that he was doing business under the name of Laredo Manufacturing Company. Investigation by the Secretary disclosed that defendant was a corporation and, therefore, liable for the claims. I hold that the letter was in substantial compliance with the statute and was "filed" with the Secretary when it was received by the regional attorney, "U. S. Dept. of Labor."

■ Three of the employees were married. Their husbands did not sign the written request but ratified it on June 20, 1951. Defendant says that the request, therefore, was insufficient to confer jurisdiction on the court as to their claims; and, in the alternative, that

---

3. A letter, written in longhand, dated March 13, 1952, reading as follows:

"Mr. Earl Street
"U. S. Dept. of Labor
"Dallas, Texas

"Re: Laredo Mfg. Co.

"Dear Mr. Street:

"We, the undersigned workers for the Laredo Manufacturing Co., request that you file suit against Mr. Louis Nitichin, in our behalf, for minimum wages and over-

time compensation due us, *und* the Fair Labor Standards Act of 1938.

"We also authorize you to disclose our names if it is necessary."

The letter, signed by the 8 employees, was received by the regional attorney and stamped "Received Mar 14 1952 Office of the Solicitor Dallas Texas"

4. All functions of the Administrator were transferred to the Secretary of Labor under 1950 Reorganization Plan No. 6, §§ 1, 2, 15 F.R. 3174.

the ratification does not toll limitation until filed with the court. Pointing to the fact that under Texas law, the wife's personal earnings are community property under the husband's control,[5] and that the husband is ordinarily the proper and necessary party plaintiff in actions respecting community property,[6] defendant says the husbands must have joined in the request for the bringing of this action.[7] But lack of capacity to sue is only a matter of abatement [8] and does not go to the court's jurisdiction, since it must be specifically pleaded and can be waived.[9]

In any event, this is not an action by the employees but by the Secretary of Labor brought to enforce a right conferred by federal, not state, statute. It is not necessary, therefore, to pass upon the question of necessity for the husband's being a party to a direct action against the employer for the wife's wages. The statute authorizes the Secretary to bring the action upon the written request of *any* employee claiming unpaid minimum wages. "Any sums thus recovered by the Administrator *on behalf of an employee* pursuant to this subsection shall be held in a special deposit account and shall be paid, on order of the Administrator, *directly to the employee* or employees affected." 29 U.S.C.A. § 216(c). (Emphasis supplied.) This requirement for *direct* payment to the *employee affected* may have been inserted for the very purpose, among others, of preventing husbands from getting their hands on the wife's hard-earned minimum wages.

No doubt, if and when moneys are paid *directly,* in this state, the Secretary will take the precaution to secure joint receipts from both husband and wife. In any event, in this action, the husbands have executed ratifications. So both the Administrator and the employer are protected. Defendant's counsel have cited no case holding that limitation would run until the husband joined in the action.

Finally, pointing to the provisions of section 16(c), quoted above, that the Administrator shall not use his authority "in any case involving an issue which has not been settled finally by the courts," defendants says this is such a case as to the right of the Secretary to institute this action upon the request of a married employee not joined by her husband.

Both parties qoute from the Conference report of the Committee recommending adoption of the amendment of 1949, which, in discussing section 16(c) said:

"The conference agreement omits from section 16(c) in the Senate amendment the provision that the Administrator may sue for wages due at the request or *with the consent* of the employee making the claim. In its place the conference agreement substitutes a requirement that the Administrator can sue for such unpaid minimum wages or unpaid overtime compensation *only on the written request of the employee.* The conference agreement adds a proviso to prevent the Administrator from using the authority granted in this section to bring *test cases involving new or novel questions of law.* The Administrator may use his authority under this section to bring a suit for an employee only in cases where the law has been settled finally by the courts. The proviso is not intended, however, to preclude the Administrator from instituting suits or the court from taking jurisdiction on the basis of existing legal precedents under the

---

5. 23 Tex.Jur. 117, Sec. 95; Strickland v. Wester, Tex.Com.App., 131 Tex. 23, 112 S.W.2d 1047.

6. 23 Tex.Jur. 328, Sec. 286; Pottorff v. J. D. Adams Co., Tex.Civ.App., 70 S.W. 2d 745.

7. Defendant's counsel say they have been unable to find a Texas case where either husband or wife sued for the wife's earnings. See, however, Bailey Bros. v. Lochman, Tex.Civ.App., 241 S.W. 626 and Gist v. Tsesmelis, Tex.Civ.App., 153 S.W.2d 277.

8. 1 Tex.Jur. 132, Sec. 96.

9. Gist v. Tsesmelis, footnote 7 supra.

Fair Labor Standards Act of 1938 as amended, *except to the extent that they are changed by the amendments made by the conference agreement.* While the conference agreement omits the provision that the Administrator could join in one cause of action the claims of any employees similarly situated who consented thereto, it is the intention of the conferees under the conference agreement that the Rules of Civil Procedure of the district courts of the United States relating to joinder of parties will apply to actions brought by the Administrator under section 16(c) as such rules would be applicable in any other civil actions brought in the district courts of the United States. In like manner, the rules as to joinder of parties applicable to civil actions in the courts of the several States and Territories will apply to actions brought by the Administrator in the courts of such States and Territories under section 16(c)." U. S. Code Congressional Service, 81st Congress, 1st Session, p. 2272 (Legal History). (Emphasis supplied.)

Since the act authorizes the Secretary to bring action only on the written request of the *employee* affected, it could hardly be urged that he would have the right to do so upon the written consent of the *husband* of the employee, alone; although quite an argument might be made to that effect on the ground that, under Texas law, the husband alone is authorized to collect or sue for the wife's wages. The amendment creates no new *right* but simply a *remedy.* Whereas before the husband *might* have had to join the wife in a direct action against the employer for minimum wages, now the Secretary can bring it for *her* benefit. I do not believe this involves any new or novel question which this court cannot pass upon. Cf. Tobin for and on Behalf of Wiley v. Wilson, D.C.Ill., 98 F.Supp. 131.

The foregoing will be adopted as findings of fact and conclusions of law.

The Clerk will notify counsel to submit judgment for plaintiff for ¾ths of the amounts claimed as to each of the 7 witnesses on Exhibits P.1, 4, 7, 8, 10, 11 and 12, after eliminating all claims for Saturday or overtime.